Alexander L. Conti, California Bar No. 155945
M. Blake Mancillas, California Bar No. 259294
aconti@conti-law.com
bmancillas@conti-law.com
**CONTI LAW**
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone:   (949) 791-8555
Facsimile:    (949) 791-8556

Attorney for Plaintiff
CHARTWELL STAFFING SERVICES INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARTWELL STAFFING SERVICES INC.<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, GLAMOUR INDUSTRIES, CO., SRYZ CORP., ERX CORP., ARYZ CORP, RAZY PROPERTIES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-3250 JVS (SKx)<br><br>**DECLARATION OF ALEXANDER L. CONTI IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT CHARTWELL STAFFING SERVICES INC.'S OPPOSITION TO DEFENDANT/CROSS-COMPLAINANT AMERICAN INTERNATIONAL INDUSTRIES MOTION TO DISQUALIFY ALEXANDER CONTI, ESQ. AND CONTI LAW FIRM AS COUNSEL FOR PLAINTIFF/CROSS-DEFENDANT CHARTWELL STAFFING SERVICES INC.**<br><br>Date:  August 16, 2021<br>Time:  1:30 pm<br>Courtroom: 10C<br>Judge:      Honorable James V. Selna<br><br>Action Filed:    April 15, 2021<br>Trial Date:    None Set |

A.  CONTI DECL. ISO OPPOSITION TO MOTION TO DISQUALIFY COUNSEL

# DECLARATION OF ALEXANDER L. CONTI

I, Alexander L. Conti, declare as follows:

1.      I am an attorney duly licensed to practice law before all the courts in this district. I am counsel for plaintiff and counter-defendant Chartwell Staffing Services, Inc. ("Chartwell"). I make this declaration in support of Chartwell's opposition to the motion to disqualify counsel made by American International Industries ("AII").  I have personal knowledge of the matters stated herein or I am informed and believe these matters to be true.

2.      I am counsel for Chartwell in the action of *Luisa Ramirez v. Chartwell Staffing Services Inc., American International Industries, and Does 1 through 100*, *inclusive,* Los Angeles County Superior Court Case No. 20STCVI0112 ("the Ramirez Action").  A true and correct copy of the complaint in the Ramirez Action is attached to my declaration as Exhibit 1.

3.      In January 2020 I received a copy of the letter sent by counsel for plaintiff in the Ramirez Action dated January 7, 2020 to the Department of Industrial Relations alleging Labor Code violations by Chartwell.  I was told by W. Holmes Lilley, Chartwell's General Counsel, that AII had received the same letter. Between January 7, 2020 and April 28, 2020 I did not participate in any communications between Chartwell and AII regarding the handling of the Ramirez Action.

4.      My representation of AII in the Ramirez Action began on April 28, 2020 upon the execution of the Joint Client Consent Form and Disclosure by Chartwell and AII.  A true and correct copy of the Joint Client Consent Form and Disclosure is attached to my declaration as Exhibit 2.

5.      I was not involved with the negotiation, drafting or execution of the 2017 Chartwell Service Agreement ("the 2017 Service Agreement") between Chartwell and AII that is the subject of this action.  [*See* Ex. 1 to First Amended

Complaint, Doc. 47, pg. 950-955.] I have never discussed the 2017 Agreement with anyone from AII, including Brian Dror and Rafi Ryzman.

6.       During my representation of AII in the Ramirez Action, the plaintiff in the Ramirez Action served form interrogatories, special interrogatories, requests for admission, and document requests directed to AII.  In response to the written discovery, and against my advice, AII provided objections only to each and every discovery request and produced no documents.  A true and correct copy of AII's objection to form interrogatories is attached as Exhibit 3 to my declaration. A true and correct copy of AII's objection to requests for admission is attached as Exhibit 4 to my declaration.  A true and correct copy of AII's objection to document requests is attached as Exhibit 5 to my declaration. A true and correct copy of AII's objection to special interrogatories is attached as Exhibit 6 to my declaration.

7.       Because AII refused to answer discovery in the Ramirez Action, I had no discussions with Brian Dror, Rafi Ryzman, or anyone else from AII, about its business operations, or employment policies and procedures in connection with preparing the objections to plaintiff's discovery requests in the Ramirez Action or otherwise.  There was no need because AII was refusing to respond.

8.       I also had no communications with Brian Dror, Rafi Ryzman or anyone else from AII where confidential information related to the *Ramirez* Action was communicated to me.

9.       I have never been to AII's facilities and I have no personal knowledge regarding its business operations.

10.       In late October 2020, I learned for the first time of the existence of a May 19, 2020 Chartwell Staffing Services Agreement between Chartwell and AII ("the 2020 Service Agreement").  On information and belief, a true and correct copy of the 2020 Staffing Services Agreement is attached to my declaration as Exhibit 7. I was not involved with the negotiation, drafting, or execution of the 2020 Service Agreement.   Other than to explain that the 2020 Service Agreement created a

A.  CONTI DECL. ISO OPPOSITION TO MOTION TO DISQUALIFY COUNSEL

1  potential conflict of interest, I have not discussed that agreement with anyone from

2  AII.

3       11.    After reviewing the 2020 Service Agreement I sent a letter to AII

4  requesting that they consent to my withdrawal as AII's counsel in the *Ramirez*

5  Action due to a potential conflict of interest.  A true and correct copy of my October

6  29, 2020 letter to Rafi Ryzman of AII is attached to my declaration as Exhibit 8. I

7  have never discussed with anyone from AII Chartwell's performance or AII's

8  performance under the 2020 Service Agreement, or AII's reasons for not paying

9  Chartwell's invoices sent pursuant to the 2020 Service Agreement.

10       12.    I was subsequently informed that AII had retained Novian & Novian

11  LLP as its counsel in the *Ramirez* Action and on January 4, 2021 Novian & Novian

12  LLP substituted in as counsel for AII.   A true and correct copy of the form

13  Substitution of Attorney that I signed is attached as Exhibit 9 to my declaration.

14       13.    On February 12, 2021 I received a letter from Novian & Novian, LLP,

15  on behalf of AII demanding indemnity from Chartwell in connection with the

16  *Ramirez* Action.  A true and correct copy of the February 12, 2021 letter I received

17  is attached to my declaration as Exhibit 10.

18       14.    On February 22, 2021, I sent Farhad Novian a letter acknowledging

19  receipt of his letter of February 12, 2021 and advising him that I would respond to

20  AII's indemnity demand.  A true and correct copy of the February 22, 2021, letter I

21  is attached to my declaration as Exhibit 11.

22       15.    On March 4, 2021 I sent Farhad Novian a letter on behalf Chartwell

23  declining AII's demand for indemnity.  A true and correct copy of my March 4,

24  2021, letter is attached to my declaration as Exhibit 12.

25       16.    I filed this action on April 15, 2021 on behalf of Chartwell against AII.

26       17.    On April 28, 2021 I filed Chartwell's application for a right to attach

27  order and order for writ of attachment and supporting documents.  [*See* Doc. 9.]

28

18.     On May 5, 2021 I received a telephone call from Farhad Novian.  He advised me that he was representing AII in connection with this matter and he presented several settlement proposals on behalf of AII.  He also asked me to send him a copy of the Chartwell's application for a right to attach order and order for writ of attachment and supporting documents, which I did.  A true and correct copy of my email of May 5, 2021 transmitting the requested papers is attached to my declaration as Exhibit 13.

19.     On May 6, 2021 I emailed Farhad Novian Chartwell's settlement demand to communicate to AII.  A true and correct copy of my May 6, 2021 email is attached to my declaration as Exhibit 14.

20.     On May 7, 2021 I received a response from Farhad Novian requesting an extension of time for AII to respond to Chartwell's settlement demand.  A true and correct copy of the May 7, 2021 email I received from Mr. Novian and to which I responded is attached to my declaration as Exhibit 15.

21.     On May 20, 2021 AII filed its answer and counterclaim. [*See* Doc. 12.]

22.     On May 26, 2021 AII filed its opposition to Chartwell's application for a right to attach order.  [*See* Doc. 16.]

23.     Also on May 26, 2021 I filed Chartwell's request to file a reply on the application for a right to attach order. [*See* Doc. 21.]

24.     On May 28, 2021 AII filed an ex parte application requesting leave to file a surreply in response to Chartwell's reply.  [*See* Doc. 29.]

25.     On June 4, 2021 AII filed its First Amended Counterclaim. [*See* Doc. 33.]

26.     On June 16, 2021 I sent Farhad Novian a "meet and confer" letter pursuant to Local Rule 7-3 which set forth in detail the basis for Chartwell's motion to dismiss AII's First Amended Counterclaim.  A true and correct copy of my June 16, 2021 letter is attached as Exhibit 16 to my declaration.

A.  CONTI DECL. ISO OPPOSITION TO MOTION TO DISQUALIFY COUNSEL

27.     On June 17, 2021 I had a telephone call with Farhad Novian and his associates assigned to work on the case and for approximately 15 minutes we discussed the merits of Chartwell's motion to dismiss AII's First Amended Counterclaim.

28.     On June 21, 2021, Brian Nguyen of Novian & Novian, LLP emailed me a letter setting forth the basis for the motion to disqualify. A true and correct copy of the letter is attached as Exhibit 17 to my declaration.  On June   I had a teleconference with multiple lawyers from Novian & Novian, LLP later that day where I explained my position that there was no substantial relationship between this action and the *Ramirez* Action  and that I was not a witness to any fact at issue relating to the 2017 Agreement or AII's indemnity and contribution claims.

29.     On June 25, 2021 Brian Nguyen of Novian & Novian, LLP emailed me asking if Chartwell would stipulate to a jury trial.  I responded to the email stating that Chartwell declined to do so. A true and correct copy of the June 25, 2021 email exchange is attached as Exhibit 18 to my declaration.

30.     On July 2, 2021, I received an email from Novian & Novian, LLP requesting that I stipulate to AII filing of a Second Amended Counterclaim.  On July 3, 2021, I provided a substantive response setting forth the reasons why Chartwell would not stipulate to the filing of a Second Amended Counterclaim.  A true and correct copy of the email exchange is attached to my declaration as Exhibit 19.

31.     On July 7, 2021 I received a three-page "meet and confer" letter from Novian & Novian, LLP requesting a Local Rule 7-3 conference in connection with AII's request for a stipulation for leave to file a Second Amended Counterclaim.  A true and correct copy of the letter I received from Novian & Novian, LLP is attached to my declaration as Exhibit 20.  In response to the letter I requested a copy of the proposed Second Amended Counterclaim so I could review the proposed amendment.  Novian & Novian, LLP emailed me the proposed Second Amended

1   Counterclaim later that day.  A true and correct copy of the email and proposed

2   Second Amended Counterclaim is attached to my declaration as Exhibit 21.

3       32.    On July 8, 2021, I had a telephonic conference with counsel from

4   Novian & Novian LLP regarding the proposed Second Amended Counterclaim.

5   During the call I pointed out the factual and legal defects in the new "promissory

6   estoppel" claim which precluded me from stipulating.

7       33.    I worked together with Novian & Novian LLP to prepare the Joint Rule

8   26(f) Report which was filed on July 12, 2021.  [*See* Doc. 38.]

9       34.    On July 19, 2021, this Court issued its Order granting Chartwell's

10  motion to dismiss the claims in the First Amended Counterclaim, with leave to

11  replead.  [*See* Doc. 44.]   After reviewing the Order I sent an email to AII's counsel

12  Novian & Novian, LLP requesting that this motion to disqualify be withdrawn

13  because the motion was based on the claims in the now-dismissed First Amended

14  Counterclaim.  AII' counsel declined to do so.  A true and correct copy of the email

15  exchange is attached as Exhibit 22.

16      I declare under penalty of perjury under the laws of the State of California

17  and under the laws of the United States that the foregoing is true and correct, and

18  that this Declaration was executed on July 26, 2021.

19

20                      /s/ *Alexander L. Conti*
                    Alexander L. Conti

21

22

23

24

25

26

27

28

A.  CONTI DECL. ISO OPPOSITION TO MOTION TO DISQUALIFY COUNSEL

EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2020 04:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Monroe, Deputy Clerk
20STCV01010

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

1 Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
2 Melissa M. Kurata, Esq. (SBN 285388)
**THE NOURMAND LAW FIRM, APC**
3 8822 West Olympic Boulevard
Beverly Hills, California 90211
4 Telephone: (310) 553-3600
Facsimile: (310) 553-3603
5
Attorneys for Plaintiffs,
6 LUISA RAMIREZ, on behalf of herself
and all other similarly situated
7

8 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11 LUISA RAMIREZ, on behalf of herself and
all others similarly situated,
12
13 Plaintiffs,
14 v.
15
CHARTWELL STAFFING SERVICES INC.,
16 a New York corporation; AMERICAN
INTERNATIONAL INDUSTRIES, a business
17 entity form unknown; and DOES 1 through
18 100, Inclusive
19 Defendants.

CASE NO.: 20STCV10112

**REPRESENTATIVE ACTION**

**COMPLAINT**

1. VIOLATION OF THE PRIVATE
ATTORNEYS GENERAL ACT OF
2004, CALIFORNIA LABOR CODE §
2698 *et seq.*

**DEMAND FOR JURY TRIAL**

20
21
22
23
24
25
26
27
28

**PAGA REPRESENTATIVE COMPLAINT**

1    COMES NOW, plaintiff LUISA RAMIREZ (at times hereinafter "Plaintiff"), on behalf of

2  herself and all others similarly situated, and alleges as follows:

3                                    **INTRODUCTION**

4    1.    This is a representative action, pursuant to the Private Attorneys General Act of

5  2004, California Labor Code § 2698 *et seq.* on behalf of Plaintiff and all other aggrieved

6  employees employed by or formerly employed by CHARTWELL STAFFING SERVICES INC.,

7  AMERICAN INTERNATIONAL INDUSTRIES, and any of their respective subsidiaries or

8  affiliated companies, as set out below, (collectively "Defendants") within the State of California.

9    2.    Defendants have had a consistent policy or practice of failing to pay wages,

10  including minimum and overtime wages, to Plaintiff and other non-exempt aggrieved employees

11  in the State of California in violation of California state wage and hour laws as a result of,

12  including but not limited to, unevenly rounding time worked.

13    3.    Defendants have had a pattern and practice of failing on multiple occasions to

14  provide Plaintiff and other similarly situated employees or former employees within the State of

15  California a thirty (30) minute uninterrupted meal period for days on which the employees worked

16  more than five (5) hours in a workday and second thirty (30) minute uninterrupted meal period for

17  days on which the employees worked in excess of ten (10) hours in a word day, and failing to

18  provide compensation for such unprovided meal periods as required by California wage and hour

19  laws.

20    4.    Defendants have had a pattern and practice of failing on multiple occasions to

21  provide Plaintiff and similarly situated employees or former employees within the State of

22  California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction

23  thereof and failing to provide compensation for such unprovided rest periods as required by

24  California wage and hour laws.

25    5.    Defendants have failed to pay Plaintiff and other similarly aggrieved employees the

26  full amount of their wages owed to them upon termination and/or resignation as required by Labor

27  Code sections 201 and 202.

28  ///

2
**PAGA REPRESENTATIVE ACTION**

6.    Plaintiff, in her representative capacity, seeks civil penalties for the herein described acts, which violate the California Labor Code, under the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et seq.*

## JURISDICTION AND VENUE

7.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

8.    Venue is proper in Los Angeles, California pursuant to Code of Civil Procedure section 392, *et seq.*  Los Angeles is where the contract between Defendants, or some of them, and Plaintiff, was made and performance thereunder due.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within Los Angeles and the State of California.  Moreover, Defendants employ numerous aggrieved employees in Los Angeles and the State of California.

## PARTIES

A.    **Plaintiff**

9.    Plaintiff is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed her as a non-exempt employee at their facilities in the State of California.

B.    **Defendants**

10.    Plaintiff is informed and believes and based thereon alleges that defendant CHARTWELL STAFFING SERVICES INC. ("CHARTWELL"), is, and at all times relevant hereto was, a New York corporation.  CHARTWELL employed Plaintiff and similarly situated persons within the State of California.

11.    Plaintiff is informed and believes and based thereon alleges that defendant AMERICAN INTERNATIONAL INDUSTRIES ("AII"), is, and at all times relevant hereto was, a business entity form unknown. AII employed Plaintiff and similarly situated persons within the State of California.

///

///

3

**PAGA REPRESENTATIVE ACTION**

12.     Plaintiff is informed and believes that defendants CHARTWELL and AII are joint employers in that they both employed Plaintiff and similarly situated employees at the same time and were operating as a joint enterprise at all relevant time periods.

13.     Plaintiff is informed and believes and based thereon alleges that pursuant to Labor Code Section 2810.3(b), Defendants share the civil legal responsibility and civil liability for the alleged Labor Code violations.

14.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.   Plaintiff is informed and believe and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.   Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

15.     Plaintiff is informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.   Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include DOES 1 through 100 identified herein.

### PAGA REPRESENTATIVE ACTION ALLEGATIONS

16.     On or about January 7, 2020, Plaintiff provided written notice by certified mail, with return receipt requested, of Defendants' violations of various, including the herein-described, provisions of the California Labor Code, to the Labor and Workforce Development Agency ("LWDA"), as well as to the Defendants.

17.     Pursuant to Labor Code Section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the January 7, 2020 postmark date of the notice sent by Plaintiff to the LWDA and Defendants.

18.     Plaintiff and other similarly aggrieved employees or former employees have not
been paid, during the relevant liability periods, wages for all time worked, including minimum and
overtime wages, as a result of, including but not limited to, Defendants improperly and/or
unevenly rounding time worked by their employees.  As a result of these violations, Defendants
are liable for civil penalties under PAGA.

19.     Defendants have had a consistent policy of failing to provide Plaintiff and other
similarly aggrieved employees or former employees within the State of California a thirty (30)
minute uninterrupted meal period for days on which the employees worked more than five (5)
hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which
the employees worked in excess of ten (10) hours in a work day, and failing to provide
compensation for such unprovided meal periods.  As a result of these violations, Defendants are
liable for civil penalties under PAGA.

20.     Defendants have had a consistent policy of failing to provide Plaintiff and similarly
aggrieved employees or former employees within the State of California rest periods of at least ten
(10) minutes per four (4) hours worked or major fraction thereof and failing to provide
compensation for such unprovided rest periods as required by California wage and hour laws.  As
a result of these violations, Defendants are liable for civil penalties under PAGA.

21.     Defendants have had a consistent policy or practice of failing to comply with Labor
Code section 226, subdivision (a) by not providing itemized wage statements accurately showing,
including but not limited to, total hours worked during the pay period and pay due and owing for
meal and rest break law violations, to Plaintiff and other similarly aggrieved employees within the
State of California.  As a result of these violations, Defendants are liable for civil penalties under
PAGA.

22.     Defendants have had a consistent policy or practice of, by the termination or
resignation of Plaintiff's employment and the employment of other similarly aggrieved employees
or former employees of Defendants within the State of California, willfully failing to pay overtime
wages, minimum wages, and one hour of wages in lieu of each unprovided or interrupted meal
period and unprovided rest period.  As a result of these violations, Defendants are liable for civil

1 | penalties under PAGA.

2 |      23.    Plaintiff and other similarly aggrieved employees or former employees within the

3 | State of California at all times pertinent hereto were not exempt from receiving minimum wages,

4 | overtime wages, meal and rest periods, accurate wage statements, all pay by the time of

5 | termination or resignation, and other such provisions of California law, and the implementing

6 | rules and regulations of the IWC California Wage Orders.  As a result of these violations,

7 | Defendants are liable for civil penalties under PAGA.

8 | **FIRST CAUSE OF ACTION**

9 | **(VIOLATION OF PAGA – Against All Defendants)**

10 |      24.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in

11 | the preceding paragraphs of this Complaint as though fully set forth herein.

12 |      25.    Plaintiff is an "aggrieved employee" under PAGA, as she was employed by

13 | Defendants during the applicable statutory period and suffered one or more of the Labor Code

14 | violations set forth herein.  Accordingly, Plaintiff seeks to recover on behalf of herself and all

15 | other similarly aggrieved current and former employees of Defendants, the civil penalties provided

16 | by PAGA, plus reasonable attorneys' fees and costs.

17 |      26.    Plaintiff seeks to recover the PAGA civil penalties through a representative action

18 | permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v.*

19 | *Superior Court* (2009) 46 Cal.4th 969.  According to the same authorities, class certification of the

20 | PAGA allegations described herein is not required.

21 |      27.    During the period beginning one (1) year preceding the filing of the Complaint in

22 | this action (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 200,

23 | 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, and 1197.

24 |      28.    Labor Code section 2699, subdivisions (a) and (g) authorizes aggrieved employees

25 | such as Plaintiff, on behalf of themselves and other current and former employees with the

26 | statutory period, to bring a civil action to recover civil penalties pursuant to the procedures

27 | specified in Labor Code section 2699.3.

28 | ///

6

**PAGA REPRESENTATIVE ACTION**

29.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.  Specifically, on or about January 7, 2020, Plaintiff gave written notice to the LWDA and to Defendants of the specified provisions of the Labor Code alleged to have been violated and those included herein, and the LWDA has elected not to investigate.

30.     Pursuant to Labor Code section 2699, subdivisions (a) and (f), Plaintiff seeks to represent and is entitled to recover civil penalties for and on behalf of similarly aggrieved employees and former employees, for Defendants' violations of the herein and therein described Labor Code violations during the Civil Penalty Period in the amount of one hundred dollars ($100) for each employee or former employee per pay period for the initial violation, and two hundred dollars ($200) for each employee or former employee per pay period for each subsequent violation.

31.     Pursuant to Labor Code section 226.3, Plaintiff and other similarly aggrieved employees or former employees he seeks to represent are entitled to recover civil penalties for Defendants' violation of Labor Code section 226, subdivision (a) in the amount of two hundred fifty dollars ($250) for each aggrieved employee or former employee per pay period for the initial violation, and one thousand dollars ($1000) for each aggrieved employee or former employee per pay period for each subsequent violation.

32.     Pursuant to Labor Code section 2699, subdivision (g), Plaintiff and other similarly aggrieved employees and former employees she seeks to represent are entitled to an award of reasonable attorneys' fees and costs in connection with their herein-described claims for civil penalties.

## REQUEST FOR JURY TRIAL

33.     Plaintiff hereby requests a trial by jury.

///

///

///

///

///

7

1

## PRAYER

2    **WHEREFORE**, on behalf of herself and all other similarly situated, Plaintiff prays for

3  judgment against Defendants as follows:

4        A.    An award for civil penalties pursuant to PAGA;

5        B.    An award for reasonable attorneys' fees and costs pursuant to Labor Code section

6  2699, subdivision (g) and/or other applicable law;

7        C.    Pre-judgment and post-judgment interest; and

8        D.    Such other and further relief as the Court deems just and proper.

9

10  Dated: March 12, 2020                          THE NOURMAND LAW FIRM, APC

11

12                                      BY: _____

13                                          Michael Nourmand, Esq.
                                            James A. De Sario, Esq.
14                                          Melissa M. Kurata, Esq.
                                            Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      8

EXHIBIT 2

ALEXANDER L. CONTI, ESQ.
CONTI LAW
23 Corporate Plaza Drive
Suite 150
Newport Beach, CA 92660
aconti@conti-law.com
T: (949) 791-8555
F: (949) 791-8556
www.conti-law.com

April 28, 2020

<u>Via Email Only</u>

W. Holmes Lilley, III
Chartwell Staffing Services Inc.
Email: holmes.lilley@chartwellstaff.com

Rafi Ryzman
American International Industries
Email: r-ryzman@aiibeauty.com

RE:    JOINT CLIENT DISCLOSURE AND CONSENT FORM

Dear Mr. Lilley and Mr. Ryzman:

The letter documents and memorializes your consent to (i) Conti Law's ("Attorney") joint representation as described below; and (ii) Attorney's current and future representation of Chartwell Staffing Services Inc. as described below.

You have asked us to represent Chartwell Staffing Services Inc. and American International Industries in connection with the matter of *Luisa Ramirez v. Chartwell Staffing Services Inc., American International Industries and Does 1 through 100, Case No. 20STCV10112* filed in the Los Angeles County Superior Court ("the Matter").    While joint representation may result in economic or tactical advantages, it also involves risks and potential conflicts of interest. The California Rules of Professional Conduct require that before an attorney may concurrently represent two or more clients in a matter, the attorney must: (1) inform each client in writing of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the each client arising from the proposed joint representation, and (2) obtain the informed written consent of each client.

The purpose of this disclosure is to set forth potential conflicts of interest relating to the proposed joint representation, and what Attorney perceives to be the relevant circumstances and the actual and/or reasonably foreseeable adverse consequences. Assuming that both Clients provide their informed written consent, Attorney agrees to represent Joint

CONTI LAW · CIVIL TRIAL ATTORNEYS                    www.conti-law.com

Page 2
April 28, 2020
W. Holmes Lilley, III
Rafi Ryzman

Clients in the Matter. Attorney understands that this arrangement is desired by Joint Clients as
a means of securing the economic and tactical advantage of joint representation.

California law and Rule 1.7 of the Rules of Professional Conduct require Attorneys to
provide written disclosure of any actual and reasonably foreseeable adverse consequences
arising from the proposed joint representation, and to obtain all clients' informed written
consent to the joint representation. While Attorney does not perceive any actual or reasonably
foreseeable adverse consequences at this time, Clients should consider the following potential
adverse consequences prior to consenting to the proposed joint representation:

(1)     When an attorney represents only one client, there is no concern regarding
shared or divided loyalties; rather all of the attorney's efforts are focused on representing the
interests of that one client. When an attorney represents two or more clients in the same
matter, the attorney acts to protect the interests of each client, which may result in divided, or
at least shared, attorney-client loyalties.   Issues may arise as to which Attorney's
representation of any one client may be limited by Attorney's representation of any other joint
client. For example, issues may arise relating to the following: (i) the alleged failure to pay
employees for all time worked; (ii) the alleged improper rounding of time punches; (iii) the
alleged failure to provide 30-minute uninterrupted meal periods when employees worked
more than 5 hours and a second 30-minute uninterrupted meal period when employees
worked more than 10 hours; (iv) the alleged failure to provide 10-minute rest periods every
four hours or major fraction thereof; (v) the alleged failure to provide complete and accurate
wage statements; (vi) the alleged failure to timely pay all wages due upon termination or
resignation; and (vii) the alleged failure to pay meal and rest break premiums.   Positions
advantageous to Chartwell Staffing Services Inc. may be disadvantageous to American
International Industries and vice versa.

(2)     Attorneys owe clients a duty to preserve secrets and confidential
communications, unless that duty is excused by the State Bar Act, the Rules of Professional
Conduct or other law. When an attorney represents more than one client in a matter, pursuant
to Evidence Code §962 and California case, law there is no attorney-client privilege with
respect to communications that take place between any of the Joint Clients and the attorney
should any of the Joint Clients ever have a dispute in which those communications are
relevant. Attorney has a duty to keep all of the Joint Clients reasonably informed of
significant developments. Any information either of the Joint Clients discloses to Attorney
during the course of the joint representation may be disclosed to the jointly represented clients
during the course of the joint representation.

(3)     Conflicts may arise in particular with regard to: (a) litigation strategies that can
impact different clients differently; and (b) settlement issues, inasmuch as Joint Clients may
each have different ideas regarding the propriety of settlement. At this point, Attorney does
not have sufficient information to evaluate whether a potential settlement presents a conflict
between the Joint Clients' interests. If Attorney perceives there is a conflict with respect to a

Page 3
April 28, 2020
W. Holmes Lilley, III
Rafi Ryzman

settlement demand or litigation strategy, there may be a need for Joint Clients to consult
independent counsel.

(4)    Joint representation may also create an issue regarding custody, or control, of
the original file when an attorney-client relationship ends. By signing this agreement, each of
you agree that if Attorney stops representing one of you, but continues to represent the other,
the client represented by Attorney is entitled to maintain custody or control of the original
file. The other party or parties is/are entitled to a copy of Client materials and property as
defined in Rule 1.16(e)(1) of the Rules of Professional Conduct.

(5)    In the event of a dispute or conflict between any of the Joint Clients, there is a
risk that Attorney may be disqualified from representing one or more of the Joint Clients or
that it may otherwise be inappropriate for Attorney to continue with the joint representation
absent written consent from each of the Joint Clients. An additional problem that may arise in
that plaintiff may seek to disqualify Attorney in connection with the Matter and it is possible
that the Court may disqualify Attorney from representing Clients, or some or all of them.
This would require you to retain new counsel.

If there is a judgment against any of the Joint Clients which is not covered by
insurance, that client may have rights of indemnity against one or more of the other parties. If
any disputes should arise between the Joint Clients, Attorney will not advise or represent any
of the clients in connection with any claim for contribution or indemnity that it may have
against any of the other clients.

Because there is currently no conflict of interest, Attorney may jointly represent Joint
Clients in connection with the Matter provided that Joint Clients both/all give your informed
consent in writing. Each Joint Client should feel free to consult with independent counsel
before finalizing your decision to proceed with the joint representation, including whether or
not to sign this conflict disclosure and waiver. Attorney emphasizes that each Joint Client
remains free to seek independent counsel at any time even if they decide to sign this consent.

Notwithstanding the foregoing, it is Attorney's current understanding that each of the
Joint Clients desires to have Attorney jointly represent them in the Matter. By signing this
Disclosure and Consent, each client expressly acknowledges that he/she or it (acting through
its authorized representative): (1) has carefully read and fully understands the disclosures set
forth above; (2) has carefully considered all of the circumstances and potential conflicts
described above; (3) has had the opportunity to consult with independent counsel regarding
the disclosures and consent in this agreement; and (4) agrees to the joint representation by
Attorney of Clients in the Matter.

As to American International Industries, this letter further memorializes that in the
event that American International Industries discharges Attorney or that Attorney is
disqualified from representing American International Industries, American International
Industries waives any conflict claim and shall not seek to disqualify Attorney from the

Page 4
April 28, 2020
W. Holmes Lilley, III
Rafi Ryzman

continued representation of Chartwell Staffing Services Inc.  This is a material term without which Attorney would not have agreed to represent American International Industries.

We again stress that each of you remains completely free to seek other counsel at any time even if you decide to sign the consent set forth below. Should you have any questions concerning this letter or the consent, please discuss them with your own counsel before signing and returning the enclosed copy of this letter.

Very truly yours,

*Alexander L. Conti*

Alexander L. Conti
CONTI LAW

## CONSENT TO JOINT REPRESENTATION IN THE MATTER

Attorney has explained to all of the undersigned that there exist potential conflicting interests in the Matter and Attorney has informed us of the possible consequences of these conflicts. We also understand that we have the right to and have been encouraged to consult independent counsel before signing this consent.

Each of the undersigned nevertheless desires representation by Attorney with respect to the Matter and to the extent described above and, therefore, consents and gives approval to such representation.

With respect to American International  Industries, it waives any claim it may assert for the disqualification of Attorney and agrees to Attorney's continued representation of Chartwell Staffing Services Inc. under all circumstances.

Dated: 4/28/2020

By: *W. Holmes Lilley*
W. Holmes Lilley, III
Chartwell Staffing Services Inc.

Dated: 4/28/20

By:
Rafi Ryzman
American International Industries

EXHIBIT 3

1  CONTI LAW
   Alexander L. Conti, Bar No. 155945
2  23 Corporate Plaza Drive, Suite 150
   Newport Beach, CA 92660
3  Tel:     (949) 791-8555
   Fax:     (949) 791-8556
4  Email:  aconti@conti-law.com
5
   Attorneys for Defendants
6  Chartwell Staffing Services Inc. and
   American International Industries
7

8

9

10

11

12
                **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
13
                    **FOR THE COUNTY OF LOS ANGELES**
14

15  LUISA RAMIREZ, on behalf of herself and all | Case No.  20STCV10112
    others similarly situated,
16                                               | Assigned for all purposes to:
                                                 | Hon. Mark Mooney
17              Plaintiff,                        | Dept. 68
18                  v.
19  CHARTWELL STAFFING SERVICES INC., | **RESPONSE OF AMERICAN**
    a New York corporation; AMERICAN    | **INTERNATIONAL INDUSTRIES TO**
20  INTERNATIONAL INDUSTRIES, a business | **PLAINTIFF'S FORM**
    entity form unknown; and DOES 1 through | **INTERROGATORIES (SET ONE)**
21  100, Inclusive,
22
                Defendants.
23

24

25  **PROPOUNDING PARTY:**        Plaintiff Luisa Ramirez

26  **RESPONDING PARTY:**         Defendant American International Industries

27  **SET NUMBER:**               One

28

Defendant AMERICAN INTERNATIONAL INDUSTRIES responds to Plaintiff, LUISA RAMIREZ's Form Interrogatories (Set One) as follows:

## FORM INTERROGATORIES AND RESPONSES

**FORM INTERROGATORY NO. 1.1:**

State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories.  (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

American International Industries ("AII") objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.1:**

Are you a corporation?  Is so, state:

(a)      the name stated in the current articles of incorporation;

(b)      all other names used by the corporation during the past ten years and the dates each was used;

(c)      the date and place of incorporation;

(d)      the **ADDRESS** of the principal place of business;

(e)      whether you are qualified to do business in California.

**RESPONSE TO FORM INTERROGATORY NO. 3.1:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.2:**

Are you a partnership?  If so, state:

(a)      the current partnership name;

(b)      all other names used by the partnership during the past ten years and the dates each was used;

(c)     whether you are limited partnership and, if so, under the laws of what jurisdiction;

(d)     the name and **ADDRESS** of each general partner;

(e)     the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.2:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.3:**

Are you a limited liability company?  If so, state:

(a)     the name stated in the current articles of organization;

(b)     all other names used by the company during the past 10 years and the date each was used;

(c)     the date and place of filing of the articles of organization;

(d)     the **ADDRESS** of the principal place of business; and

(e)     whether you are qualified to do business in California.

**RESPONSE TO FORM INTERROGATORY NO. 3.3:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.4:**

Are you a joint venture?  If so, state:

(a)     the current joint venture name;

(b)     all other names used by the joint venture during the past ten years and the dates each was used;

(c)     the name and **ADDRESS** of each joint venture;

(d)     the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.4:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.5:**

Are you an unincorporated association?  If so, state:

(a)     the current unincorporated association name;

(b)     all other names used by the unincorporated association during the past ten years and the dates each was used;

(c)     the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.5:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.6:**

Have you done business under a fictitious name during the past ten years?  If so, for each fictitious name state:

(a)     the name;

(b)     the dates each was used;

(c)     the state and county of each fictitious name filing;

(d)     the **ADDRESS** of the principal place of business.

**RESPONSE TO FORM INTERROGATORY NO. 3.6:**

AII objects to this interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and oppressive and on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 3.7:**

Within the past five years has any public entity registered or licensed your business?  If so, for each license of registration:

(a)     identify the license or registration;

-3-

(b)      state the name of the public entity;

(c)      state the dates of issuance and expiration.

**RESPONSE TO FORM INTERROGATORY NO. 3.7:**

AII objects to this interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and oppressive and on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 4.1:**

At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or action that have arisen out of the **INCIDENT**? If so, for each policy state:

(a)      the kind of coverage;

(b)      the name and **ADDRESS** of the insurance company;

(c)      the name, **ADDRESS** and telephone number of each named insured;

(d)      the policy number;

(e)      the limits of coverage for each type of coverage contained in the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

AII objects to this interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and oppressive and on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT**?

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

AII objects to this interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and oppressive and on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 12.1:**

State the name, **ADDRESS**, and telephone number of each individual:

(a)     who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**

(b)     who made any statement at the scene of the **INCIDENT;**

(c)     who heard any statements made about the incident by any individual at the scene;

(d)     why **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure, Section 2034).

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.

**FORM INTERROGATORY NO. 12.2:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT**?  If so, for each individual state:

(a)     the name, **ADDRESS**, and telephone number of the individual interviewed;

(b)     the date of the interview;

(c)     the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.  AII further objects to this interrogatory on the grounds that it seeks information protected by the attorney work product doctrine.

**FORM INTERROGATORY NO. 12.3:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT**?  If so, for each statement state:

(a)     the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

(b)      the name, **ADDRESS**, and telephone number of the individual who obtained the statement;

(c)      the date the statement was obtained;

(d)      the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.  AII further objects to this interrogatory on the grounds that it seeks information protected by the attorney work product doctrine.

**FORM INTERROGATORY NO. 12.4:**

Do **YOU OR ANYONE ACTION ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** of plaintiff's injuries? If so, state:

(a)      the number of photographs or feet of film or videotape;

(b)      the places, objects, or persons photographed, filmed, or videotaped;

(c)      the date the photographs, films, or videotapes were take;

(d)      the name, **ADDRESS**, and telephone number of the individual taking the photographs, films, or videotapes;

(e)      the name, **ADDRESS**, and telephone number of each **PERSON** who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.  AII further objects to this interrogatory on the grounds that it seeks information protected by the attorney work product doctrine.

**FORM INTERROGATORY NO. 12.5:**

Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure Section 2034) concerning the **INCIDENT**?  If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter;

(c) the name, **ADDRESS**, and telephone number of each **PERSON** who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.  AII further objects to this interrogatory on the grounds that it seeks information protected by the attorney work product doctrine.

**FORM INTERROGATORY NO. 12.6:**

Was a report made by any **PERSON** concerning the **INCIDENT**?  If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS**, and telephone number of the **PERSON** for who the report was made.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.  AII further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine.

**FORM INTERROGATORY NO. 12.7:**

Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**?  If so, for each inspection state:

(a) the name, **ADDRESS**, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

-7-

(b)    the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

AII objects to this interrogatory on the grounds that it is vague and ambiguous in the context of a PAGA case.  AII further objects to this interrogatory on the grounds that it seeks information protected by the attorney work product doctrine.

**FORM INTERROGATORY NO. 15.1:**

Identify each denial of a material allegation and each special or affirmative defense in our pleading and for each:

(a)    state all facts upon which you base the denial or special affirmative defenses;

(b)    state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts;

(c)    identify all **DOCUMENTS** and other tangible things which support your denial or special or affirmative defense, and state the name, address, and telephone number of the **PERSON** who has each **DOCUMENT**.

**RESPONSE TO FORM INTERROGATORY NO. 15.1:**

AII objects to this interrogatory on the grounds that this interrogatory is overly broad, unduly burdensome and oppressive and on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**FORM INTERROGATORY NO. 17.1:**

Is your response to each request for admission served with these interrogatories an unqualified admission?  If no, for each response that is not an unqualified admission:

(a)    state the number of the request;

(b)    state all facts upon which you base your response;

(c)    state the name, **ADDRESSES**, and telephone numbers all **PERSONS** who have knowledge of those facts; and

(d)    identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

-8-

1

**RESPONSE TO FORM INTERROGATORY NO. 17.1:**

2

AII objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and

3

oppressive and on the grounds that it seeks information that is not relevant and not reasonably calculated

4

to lead to the discovery of admissible evidence.

5

Dated:  July 9, 2020                                    CONTI LAW

6

By: /s/ *Alexander L. Conti*

7

Alexander L. Conti
Attorneys for Defendants

8

Chartwell Staffing Services Inc. and

9

American International Industries

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 92660. On July 9, 2020, I served the foregoing document described as:  **RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO PLAINTIFF'S FORM INTERROGATORIES (SET ONE)** on

Michael Nourmand, Esq.
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 553-3600
Facsimile: (310) 553-3603x
Email: mnourmand@nourmandlawfirm.com

[ X ]   (BY MAIL)    I am familiar with the practice of Conti Law for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Conti Law, Newport Beach, California, following ordinary business practices.

[ ]   (BY OVERNIGHT MAIL) I am familiar with the practice of Conti Law for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite Express at Conti Law, Corona Del Mar, California, following ordinary business practices.

[ ]   (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 791-8556, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.  The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]   (BY ELECTRONIC MAIL) On this date from my email address of aconti@conti-law.com I caused a copy of said document to be transmitted via electronic mail to the e-mail addresses listed above.

[ ]   (BY MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the person at the addresses listed above and/or providing them to a professional messenger service for service.  [Declaration of Messenger attached separately.]

-1-

1

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 9, 2020, at Newport Beach, California.

2

3
  /s/ *Alexander L. Conti*

  Alexander L. Conti

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO
PLAINTIFF'S FORM INTERROGATORIES (SET ONE)**

EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONTI LAW
Alexander L. Conti, Bar No. 155945
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel:    (949) 791-8555
Fax:    (949) 791-8556
Email:  aconti@conti-law.com

Attorneys for Defendants
Chartwell Staffing Services Inc. and
American International Industries

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LUISA RAMIREZ, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHARTWELL STAFFING SERVICES INC., a New York corporation; AMERICAN INTERNATIONAL INDUSTRIES, a business entity form unknown; and DOES 1 through 100, Inclusive, <br><br> Defendants. | Case No.  20STCV10112 <br><br> Assigned for all purposes to: <br> Hon. Mark Mooney <br> Dept. 68 <br><br> **RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (SET ONE)** |

**PROPOUNDING PARTY:**      Plaintiff Luisa Ramirez

**RESPONDING PARTY:**      Defendant American International Industries

**SET NUMBER:**      One

Defendant AMERICAN INTERNATIONAL INDUSTRIES ("AII") responds to Plaintiff, LUISA RAMIREZ's Requests for Admissions (Set One) as follows:

**REQUESTS FOR ADMISSIONS AND RESPONSES**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU [The terms "YOU" and "YOUR" shall mean and refer to the party to whom this set of discovery is directed and any of his/her/its agents, employees, and representatives, except for counsel of record in the instant action.] employed Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU terminated Plaintiff's employment with YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU failed to pay overtime wages for all overtime hours worked to Plaintiff during the RELEVANT TIME PERIOD [The term "RELEVANT TIME PERIOD" shall mean and refer to the period of time from January 7, 2019 to the present.].

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU failed to pay wages, including overtime wages, for all time worked by Plaintiff during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive and impermissibly compound.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU failed to pay all wages due to Plaintiff immediately upon her termination.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU never paid Plaintiff one-hour premium wages for missed meal periods.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU never paid Plaintiff one-hour premium wages for interrupted meal periods.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU never paid Plaintiff one-hour premium wages for late meal periods.

-2-

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU did not provide Plaintiff a second meal break when she worked shifts of ten hours or longer during the course of her employment with YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU never paid Plaintiff one-hour premium wages for late second meal periods taken after the end of the tenth hour of work in a shift.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU never paid Plaintiff one-hour premium wages for missed rest periods.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU did not provide Plaintiff a third rest break when she worked shifts of ten hours or longer during the course of his employment with YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU did not provide Plaintiff with accurate itemized wage statements of wages paid during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, it is overly broad, unduly burdensome and oppressive.

Dated: July 9, 2020                    CONTI LAW

                                       By: /s/ *Alexander L. Conti*
                                       Alexander L. Conti
                                       Attorneys for Defendants
                                       Chartwell Staffing Services Inc. and
                                       American International Industries

-4-

## **PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 92660. On July 9, 2020, I served the foregoing document described as:  **RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (SET ONE)** on

Michael Nourmand, Esq.
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 553-3600
Facsimile: (310) 553-3603x
Email: mnourmand@nourmandlawfirm.com

[ X ]   (BY MAIL)    I am familiar with the practice of Conti Law for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Conti Law, Newport Beach, California, following ordinary business practices.

[   ]   (BY OVERNIGHT MAIL) I am familiar with the practice of Conti Law for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite Express at Conti Law, Corona Del Mar, California, following ordinary business practices.

[   ]   (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 791-8556, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.  The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[   ]   (BY ELECTRONIC MAIL) On this date from my email address of aconti@conti-law.com I caused a copy of said document to be transmitted via electronic mail to the e-mail addresses listed above.

[   ]   (BY MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the person at the addresses listed above and/or providing them to a professional messenger service for service.  [Declaration of Messenger attached separately.]

1

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 9, 2020, at Newport Beach, California.

2

3

/s/ *Alexander L. Conti*

Alexander L. Conti

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

EXHIBIT 5

1  CONTI LAW
   Alexander L. Conti, Bar No. 155945
2  23 Corporate Plaza Drive, Suite 150
   Newport Beach, CA 92660
3  Tel:    (949) 791-8555
   Fax:    (949) 791-8556
4  Email:  aconti@conti-law.com
5
   Attorneys for Defendants
6  Chartwell Staffing Services Inc. and
   American International Industries
7

8

9

10

11

12              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

13                  **FOR THE COUNTY OF LOS ANGELES**

14

15  LUISA RAMIREZ, on behalf of herself and all       Case No.  20STCV10112
    others similarly situated,
16                                                     Assigned for all purposes to:
                                                       Hon. Mark Mooney
17              Plaintiff,                             Dept. 68

18              v.
                                                       **RESPONSE OF AMERICAN**
19  CHARTWELL STAFFING SERVICES INC.,                  **INTERNATIONAL INDUSTRIES TO**
    a New York corporation; AMERICAN                   **PLAINTIFF'S DEMAND FOR**
20  INTERNATIONAL INDUSTRIES, a business               **PRODUCTION OF DOCUMENTS (SET**
    entity form unknown; and DOES 1 through            **ONE)**
21  100, Inclusive,

22              Defendants.

23

24

25  **PROPOUNDING PARTY:**        Plaintiff Luisa Ramirez

26  **RESPONDING PARTY:**         Defendant American International Industries

27
    **SET NUMBER:**              One
28

---

Defendant AMERICAN INTERNATIONAL INDUSTRIES ("AII") responds to Plaintiff, LUISA RAMIREZ's Demand for Production of Documents (Set One) as follows:

**<u>DEMANDS FOR PRODUCTION AND RESPONSES</u>**

**<u>DEMAND FOR PRODUCTION NO. 1:</u>**

Copies of all WRITINGS [The term "WRITINGS" and/or "DOCUMENTS" shall mean and refer to any writings or documents defined in § 250 of the California <u>Evidence Code</u> and any other tangible form of expression, including items recorded on electronic media, including but not limited to e-mails.] that constitute or reflect Plaintiffs personnel file and/or employment file.

**<u>RESPONSE TO DEMAND FOR PRODUCTION NO. 1:</u>**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**<u>DEMAND FOR PRODUCTION NO. 2:</u>**

The complete contents of any files, other than a personnel or payroll file, maintained by YOU [The terms "YOU" and "YOUR" shall mean and refer to the party to whom this set of discovery is directed and any of his/her/its agents, employees, and representatives, except for counsel of record in the instant action.] in Plaintiffs name.

**<u>RESPONSE TO DEMAND FOR PRODUCTION NO. 2:</u>**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**<u>DEMAND FOR PRODUCTION NO. 3:</u>**

Copies of all employment handbook(s) that YOU provided to Plaintiff.

**<u>RESPONSE TO DEMAND FOR PRODUCTION NO. 3:</u>**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 4:**

All applications for employment signed by Plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 4:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 5:**

All DOCUMENTS signed by Plaintiff relating to the obtaining or holding of employment, within the meaning of California Labor Code § 432.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 5:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 6:**

All personnel files of Plaintiff that have been used to determine her qualifications for employment, promotion, additional compensation, or termination or other disciplinary action, within the meaning of California Labor Code § 1198.5.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 6:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 7:**

Copies of all schedules for Plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 7:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 8:**

Copies of all sign-in and sign-out sheets for Plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 8:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 9:**

Copies of all time cards for Plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 9:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 10:**

All DOCUMENTS that relate to hours worked by Plaintiff while employed by YOU, including but not limited to payroll registers, paycheck stubs, and time sheets.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 10:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 11:**

Copies of all paystubs and wage statements issued to Plaintiff during the course of her employment with YOU.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 11:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 12:**

All itemized wage statements for Plaintiff while employed by YOU.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 12:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 13:**

Copies of all payroll records relating to Plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 13:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 14:**

Copies of all DOCUMENTS relating to Plaintiff.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 14:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.  AII further objects on the grounds of attorney-client privilege and attorney work product, to the extent that this request contemplates the production of privileged and protected documents and information.

**DEMAND FOR PRODUCTION NO. 15:**

All DOCUMENTS describing Plaintiff's job duties for all positions she held with YOU.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 15:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

-4-

**DEMAND FOR PRODUCTION NO. 16:**

All DOCUMENTS describing the job duties of YOUR non-exempt EMPLOYEES [The term "EMPLOYEES" shall mean and refer to YOUR current or former employees in California that YOU directly hired and also to temporary employees currently or formerly assigned to work for YOU at YOUR California locations by a labor contractor, such as a staffing service or agency.] during the RELEVANT TIME PERIOD [The term "RELEVANT TIME PERIOD" shall mean and refer to the period of time from January 7, 2019 to the present.].

**RESPONSE TO DEMAND FOR PRODUCTION NO. 16:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 17:**

Copies of all civil complaints filed against YOU, by YOUR EMPLOYEES, for violation of the California <u>Labor Code</u> during the past five years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 17:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.  AII further objects to the extent that documents responsive to this request are publicly available and therefore equally available to Plaintiff.

**DEMAND FOR PRODUCTION NO. 18:**

Copies of all complaints filed against YOU, by YOUR EMPLOYEES, with the California Labor Commissioner during the past five years.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 18:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive. AII further objects to the extent that documents responsive to this request are publicly available and therefore equally available to Plaintiff.

**DEMAND FOR PRODUCTION NO. 19**:

Copies of each version of YOUR payroll policies and/or procedures manual(s) during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 19**:

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 20**:

All versions of employee handbooks that YOU provided to YOUR non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 20**:

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 21**:

All DOCUMENTS that define or describe YOUR policies regarding timekeeping with respect to work shifts, including but not limited to punching in and out of a time clock to record a nonexempt employee's time worked, that were provided to YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 21**:

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 22**:

All DOCUMENTS that define or describe YOUR policies regarding the payment of wages, including overtime compensation, that were provided to YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 22:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 23:**

All DOCUMENTS that define or describe YOUR policies regarding meal periods, that were provided to YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 23:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 24:**

All DOCUMENTS that define or describe YOUR policies regarding rest periods, that were provided to YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 24:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 25:**

All DOCUMENTS that describe, discuss, or refer to YOUR procedure for recording time worked by YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 25:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 26:**

All DOCUMENTS that describe, discuss, or refer to YOUR procedure regarding the calculation of wages, including overtime, that applied to YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 26:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 27:**

All DOCUMENTS that describe, discuss, or refer to YOUR procedure for issuing the final paycheck to terminated or resigned non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 27:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 28:**

All DOCUMENTS that describe, discuss, or refer to YOUR procedure for the taking of meal breaks by YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 28:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 29:**

All DOCUMENTS that describe, discuss, or refer to YOUR procedure for the taking of rest breaks by YOUR California non-exempt EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 29:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 30:**

All DOCUMENTS that relate to YOUR policies, procedures, or practices regarding recording of hours worked by YOUR non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 30:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 31:**

All DOCUMENTS that relate to YOUR policies, procedures, or practices regarding verifying the hours worked for YOUR non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 31:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 32:**

All DOCUMENTS that relate to YOUR policies, procedures, or practices regarding the meal periods of YOUR non-exempt EMPLOYEES in California, including but not limited to meal period waivers, during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 32:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 33:**

All DOCUMENTS that relate to YOUR policies, procedures, or practices regarding the rest periods of YOUR non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 33:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 34:**

All DOCUMENTS that relate to hours worked by YOUR non-exempt EMPLOYEES in California, including but not limited to paycheck stubs, wage statements, earnings records and time sheets (and databases maintained recording both), during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 34:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.  AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 35:**

All DOCUMENTS that relate to wages paid and all other forms of compensation, by YOU to YOUR non-exempt EMPLOYEES in California, including but not limited to paycheck stubs, wage statements, earnings records and time sheets (and databases maintained recording both), during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 35:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive. AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 36:**

All DOCUMENTS, including but not limited to paycheck stubs, wage statements, earnings records and time sheets, that reflect the payment of wages to YOUR non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 36:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.  AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 37:**

All DOCUMENTS, including but not limited to paycheck stubs, wage statements, earnings records and time sheets, that reflect the payment of premium wages to YOUR non-exempt EMPLOYEES in California for missed or otherwise noncompliant meal periods during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 37:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.  AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 38:**

All DOCUMENTS, including but not limited to paycheck stubs, wage statements, earnings records and time sheets, that reflect the payment of premium wages to YOUR non-exempt

-11-

EMPLOYEES in California for missed or otherwise noncompliant rest periods during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 38:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive. AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 39:**

All DOCUMENTS that reflect the payment of final wages to YOUR terminated non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 39:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive. AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 40:**

All DOCUMENTS that reflect the payment of final wages to YOUR resigned non-exempt EMPLOYEES in California during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 40:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive. AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 41:**

All DOCUMENTS that constitute or reflect YOUR communications with YOUR California nonexempt EMPLOYEES regarding changes made to timekeeping policies during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 41:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 42:**

All DOCUMENTS that constitute or reflect YOUR communications with YOUR California nonexempt EMPLOYEES regarding wages during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 42:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive. AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 43:**

All DOCUMENTS that constitute or reflect YOUR communications with YOUR California EMPLOYEES regarding issuing final paychecks to terminated or resigned EMPLOYEES during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 43:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.  AII further objects on the grounds that this request seeks information and documents protected by the right of privacy.

**DEMAND FOR PRODUCTION NO. 44:**

All DOCUMENTS that constitute or reflect YOUR communications with YOUR California nonexempt EMPLOYEES regarding meal periods during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 44:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly

-13-

broad, unduly burdensome and oppressive.  AII further objects on the grounds that this request  as overly broad, unduly burdensome, and oppressive.

**DEMAND FOR PRODUCTION NO. 45:**

All DOCUMENTS that constitute or reflect YOUR communications with YOUR California nonexempt EMPLOYEES regarding rest periods during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 45:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

**DEMAND FOR PRODUCTION NO. 46:**

All DOCUMENTS that constitute or reflect agreements, including but not limited to contracts or client service agreements, with any staffing services or agencies who have provided temporary employees to be placed to work for YOU in California at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 46:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.   Subject to and without waiver of the foregoing objections, AII will produce a copy of its agreement with Chartwell.

**DEMAND FOR PRODUCTION NO. 47:**

All DOCUMENTS that YOU identified in YOUR responses to Plaintiff's Specially Prepared Interrogatories (Set Number One) propounded to YOU concurrently herewith.

**RESPONSE TO DEMAND FOR PRODUCTION NO. 47:**

AII objects to this request on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly broad, unduly burdensome and oppressive.

1

**DEMAND FOR PRODUCTION NO. 48:**

2

All DOCUMENTS that YOU identified in YOUR responses to Plaintiff's Form Interrogatories-

3

General (Set Number One) propounded to YOU concurrently herewith.

4

**RESPONSE TO DEMAND FOR PRODUCTION NO. 48:**

5

AII objects to this request on the grounds that it seeks information that is not relevant and not

6

reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it is overly

7

broad, unduly burdensome and oppressive.

8

Dated: July 9, 2020                              CONTI LAW

9

                                        By: /s/ *Alexander L. Conti*

10

                                        Alexander L. Conti

11

                                        Attorneys for Defendants
                                        Chartwell Staffing Services Inc. and

12

                                        American International Industries

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

## **PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 92660. On July 9, 2020, I served the foregoing document described as:  **RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)** on

Michael Nourmand, Esq.
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 553-3600
Facsimile: (310) 553-3603x
Email: mnourmand@nourmandlawfirm.com

[ X ]   (BY MAIL)    I am familiar with the practice of Conti Law for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Conti Law, Newport Beach, California, following ordinary business practices.

[  ]    (BY OVERNIGHT MAIL) I am familiar with the practice of Conti Law for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite Express at Conti Law, Corona Del Mar, California, following ordinary business practices.

[  ]    (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 791-8556, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.  The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[  ]    (BY ELECTRONIC MAIL) On this date from my email address of aconti@conti-law.com I caused a copy of said document to be transmitted via electronic mail to the e-mail addresses listed above.

[  ]    (BY MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the person at the addresses listed above and/or providing them to a professional messenger service for service.  [Declaration of Messenger attached separately.]

**RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO PLAINTIFF'S DEMAND FOR PRODUCTION OF DOCUMENTS (SET ONE)**

1          I declare under penalty of perjury under the laws of the State of California that the foregoing is
2    true and correct, and that this declaration was executed on July 9, 2020, at Newport Beach, California.

3                                                          /s/ _Alexander L. Conti_____
                                                              Alexander L. Conti

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

EXHIBIT 6

1  CONTI LAW
   Alexander L. Conti, Bar No. 155945
2  23 Corporate Plaza Drive, Suite 150
   Newport Beach, CA 92660
3  Tel:    (949) 791-8555
   Fax:    (949) 791-8556
4  Email:  aconti@conti-law.com
5
   Attorneys for Defendants
6  Chartwell Staffing Services Inc. and
   American International Industries
7
8
9
10
11
12
                **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
13
                    **FOR THE COUNTY OF LOS ANGELES**
14

15 | LUISA RAMIREZ, on behalf of herself and all | Case No.  20STCV10112
   | others similarly situated,                  |
16 |                                             | Assigned for all purposes to:
   |                  Plaintiff,                  | Hon. Mark Mooney
17 |                                             | Dept. 68
   |                    v.                        |
18 |                                             | **RESPONSE OF AMERICAN**
   | CHARTWELL STAFFING SERVICES INC.,           | **INTERNATIONAL INDUSTRIES TO**
19 | a New York corporation; AMERICAN            | **PLAINTIFF'S SPECIAL**
   | INTERNATIONAL INDUSTRIES, a business        | **INTERROGATORIES (SET ONE)**
20 | entity form unknown; and DOES 1 through     |
   | 100, Inclusive,                             |
21 |                                             |
   |                  Defendants.                |
22
23

24

25 **PROPOUNDING PARTY:**        Plaintiff Luisa Ramirez

26 **RESPONDING PARTY:**         Defendant American International Industries

27 **SET NUMBER:**               One

28

---

Defendant AMERICAN INTERNATIONAL INDUSTRIES responds to Plaintiff, LUISA RAMIREZ's Special Interrogatories (Set One) as follows:

**SPECIAL INTERROGATORIES AND RESPONSES**

**SPECIAL INTERROGATORY NO. 1:**

Please name each PERSON [The term "PERSON(S)" shall mean and refer to any natural person, firm, association, organization, partnership, business, trust, corporation, public agency and/or other legal entity.] who is providing responses and/or information responsive to the Specially Prepared Interrogatories set forth herein.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 2:**

Please state the number of YOUR [The terms "YOU" and "YOUR" shall mean and refer to the party to whom this set of discovery is directed and any of his/her/its agents, employees and representatives, except for counsel of record in the instant action.] past and present employees who were employed by YOU as non-exempt employees in California during the RELEVANT TIME PERIOD [The term "RELEVANT TIME PERIOD" shall mean the period from January 7, 2019 to the present.]

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 3:**

Please state the number of non-exempt employees YOU currently employ in California.

-1-

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 4:**

Please state the number of non-exempt employees YOU employed in California during the RELEVANT TIME PERIOD who are no longer employed by YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 5:**

Please state the number of non-exempt employees whose employment with YOU in California was terminated at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 6:**

Please state the number of non-exempt employees who resigned from employment with YOU in California at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 7:**

Please state the titles of all of YOUR non-exempt job positions in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 8:**

For each job position identified in response to Interrogatory No. 7, please state the number of non-exempt employees YOU currently employ in California in that position.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 9:**

For each job position identified in response to Interrogatory No. 7, please state the total number of non-exempt employees YOU have employed in California in that job position during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 10:**

Please state the job position(s) that Plaintiff occupied as YOUR employee during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 11:**

Please describe Plaintiff's job duties for each job position that he held with YOU during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 12:**

Please provide the names and CONTACT INFORMATION [The term "CONTACT INFORMATION" shall mean the last known address, last known telephone number, and last known email address.] for all of YOUR non-exempt employees within the State of California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive. AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 13:**

Please provide the names and CONTACT INFORMATION for all of the non-exempt employees YOU currently employ in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive. AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 14:**

Please provide the names and CONTACT INFORMATION for all of the non-exempt employees YOU employed in California during the RELEVANT TIME PERIOD who are no longer employed by YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive. AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 15:**

Please provide the names and CONTACT INFORMATION for all of the non-exempt employees YOU employed in California during the RELEVANT TIME PERIOD who are no longer employed by YOU and who formerly held the same job title as Plaintiff.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive. AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 16:**

Please provide the names and CONTACT INFORMATION for all non-exempt employees whose employment with YOU in California was terminated at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.  AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 17:**

Please state the number of non-exempt employees whose employment with YOU in California was terminated at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 18:**

Please provide the names and CONTACT INFORMATION for all non-exempt employees who resigned from employment with YOU in California at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.  AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 19:**

Please state the number of non-exempt employees who resigned their employment with YOU in California at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 20:**

Describe in detail all policies and customary practices applicable to the procedure(s) followed by YOUR non-exempt employees in California in recording their TIME ENTRIES [The term "TIME ENTRIES" shall mean and refer to time-in and time-out data recorded by YOU to calculate the hours worked by YOUR non-exempt employees.] at the start of the work shift during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 21:**

Describe in detail all policies and customary practices applicable to the procedure(s) followed by YOUR non-exempt employees in California in recording their TIME ENTRIES at the end of a work shift during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 22:**

Describe in detail any changes YOU made to YOUR procedures, policies and customary practices, regarding how TIME ENTRIES were recorded by YOUR non-exempt employees in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 23:**

Please name all timekeeping systems or devices YOU utilized to record the hours worked by YOUR non-exempt employees in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 24:**

For each timekeeping system or device identified in response to Interrogatory No. 23, please state the number of units that YOU installed at each of YOUR facilities in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 25:**

Please name all software applications YOU utilized to record the hours worked by YOUR non-exempt employees in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25**:

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 26**:

Please name all PERSONS who have been responsible for verifying the accuracy of TIME ENTRIES recorded by non-exempt employees during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 26**:

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 27**:

Describe in detail YOUR policies and procedures regarding payment of final wages to discharged or resigning non-exempt employees during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 27**:

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 28**:

Describe in detail YOUR meal period policies and procedures for YOUR non-exempt employees in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28**:

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 29:**

Describe in detail YOUR rest period policies and procedures for YOUR non-exempt employees in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 30:**

Please name all PERSONS, including third-party payroll providers, that provided YOU with payroll services with respect to YOUR California non-exempt employees during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 31:**

Please name all staffing services or agencies who have provided YOU temporary nonexempt employees in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 32:**

For each staffing service or agency identified in response to Interrogatory No. 31, please state the total number of temporary non-exempt employees that have provided labor to YOU in California at any time during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.   Subject to and without waiver of the foregoing objections, Chartwell provided approximately 1,826 temporary employees to AII during the RELEVANT TIME PERIOD.

**SPECIAL INTERROGATORY NO. 33:**

For each staffing service or agency identified in response to Interrogatory No. 31, please state the number of temporary non-exempt employees currently assigned to work at YOUR facilities in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 34:**

For each staffing service or agency identified in response to Interrogatory No. 31, please state the number of temporary non-exempt employees who have provided labor to YOU on temporary assignment in California at any time during the RELEVANT TIME PERIOD, but who no longer work for YOU in any capacity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 35:**

Please state the total number of temporary non-exempt employees who have provided labor on temporary assignment to YOU in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive. Subject to and without waiver of the foregoing objections, Chartwell provided approximately 1,826 temporary employees to AII during the RELEVANT TIME PERIOD.

**SPECIAL INTERROGATORY NO. 36:**

Please state the number of temporary non-exempt employees currently assigned to work for YOU in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 36:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 37:**

Please state the number of temporary non-exempt employees who were assigned to work for YOU in California during the RELEVANT TIME PERIOD, who no longer work for YOU in any capacity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 37:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

**SPECIAL INTERROGATORY NO. 38:**

Please provide the CONTACT INFORMATION for all temporary non-exempt employees who have worked at YOUR facility or facilities in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 38:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.   AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 39:**

Please provide the CONTACT INFORMATION for all temporary non-exempt employees currently placed to work for YOU in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 39:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.  AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

**SPECIAL INTERROGATORY NO. 40:**

Please provide the CONTACT INFORMATION for all temporary non-exempt employees who provided labor to YOU on temporary assignment in California at any time during the RELEVANT TIME PERIOD, who no longer work for YOU in any capacity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

AII objects to this interrogatory on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   AII further objects on the grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.   AII further objects to this interrogatory on the grounds that it seeks information that is confidential and/or protected by the right of privacy.

1

**SPECIAL INTERROGATORY NO. 41:**

2

     Please provide the address(es) for all of YOUR facilities in California where non-exempt

3

employees have worked during the RELEVANT TIME PERIOD.

4

**RESPONSE TO SPECIAL INTERROGATORY NO. 41:**

5

     AII objects to this interrogatory on the grounds that it seeks information that is not relevant and

6

not reasonably calculated to lead to the discovery of admissible evidence.  AII further objects on the

7

grounds that this interrogatory is overly broad, unduly burdensome, and oppressive.

8

9

Dated:  July 9, 2020            CONTI LAW

10

                     By: /s/ *Alexander L. Conti*

11

                     Alexander L. Conti

12

                     Attorneys for Defendants

                     Chartwell Staffing Services Inc. and

13

                     American International Industries

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 92660. On July 9, 2020, I served the foregoing document described as:  **RESPONSE OF AMERICAN INTERNATIONAL INDUSTRIES TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)** on

Michael Nourmand, Esq.
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 553-3600
Facsimile: (310) 553-3603x
Email: mnourmand@nourmandlawfirm.com

[ X ]   (BY MAIL)    I am familiar with the practice of Conti Law for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Conti Law, Newport Beach, California, following ordinary business practices.

[ ]   (BY OVERNIGHT MAIL) I am familiar with the practice of Conti Law for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx/Overnite Express at Conti Law, Corona Del Mar, California, following ordinary business practices.

[ ]   (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 791-8556, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.  The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ ]   (BY ELECTRONIC MAIL) On this date from my email address of aconti@conti-law.com I caused a copy of said document to be transmitted via electronic mail to the e-mail addresses listed above.

[ ]   (BY MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the person at the addresses listed above and/or providing them to a professional messenger service for service.  [Declaration of Messenger attached separately.]

1          I declare under penalty of perjury under the laws of the State of California that the foregoing is

2    true and correct, and that this declaration was executed on July 9, 2020, at Newport Beach, California.

3    /s/ _Alexander L. Conti_____

     Alexander L. Conti

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

EXHIBIT 7

## CHARTWELL SERVICE AGREEMENT

CHARTWELL STAFFING SERVICES, INC. d/b/a CHARTWELL STAFFING SOLUTIONS ("CSS"), with its principal office located at 245 Centerville Road, Suite 10, Lancaster, PA 17603 and American International Industries ("CUSTOMER"), with its principal place of business located at 2220 Gaspar Avenue Los Angeles, CA 90040 agree to the terms and conditions set forth in this Staffing Agreement (the "Agreement") on the 17 day of My 20 Le.

### 1. Duties and Responsibilities

CSS will

a. Recruit, screen, interview, hire, supervise and assign its employees with appropriate skills and experience that CSS determines ("Assigned Employees") to perform the type of work which CUSTOMER seeks at the locations specified by CUSTOMER and will, as the employer of Assigned Employees, be responsible for those Assigned Employees, including but not limited to, the following:

(i)  Pay Assigned Employees' wages and provide them with the benefits that CSS offers to them, and deliver copies and proof of the payment of the same to CUSTOMER no later than five business days following each payroll period;

(ii)  Pay, withhold, and timely transmit payroll taxes, and deliver copies and proof of the payment of the same to CUSTOMER no later than five business days following each payroll period; provide unemployment insurance and workers' compensation benefits; and handle and administer to conclusion all unemployment and workers' compensation claims involving Assigned Employees;

(iii)  Require Assigned Employees to sign agreements acknowledging that they are not entitled to holidays, vacations, disability benefits, insurance, pensions, or retirement plans, or any other benefits offered or provided by CUSTOMER, promising to keep confidential and not use or disclose for any purpose any information concerning CUSTOMER'S business or products learned at CUSTOMER'S work location, waiving class actions, and agreeing to arbitration of all disputes with CSS or CUSTOMER.

(iv)  Comply with federal, state and local immigration, tax, labor and employment laws applicable to Assigned Employees, including, but not limited to the Immigration Reform and Control Act of 1986; the Internal Revenue Code ("Code"); the Employee Retirement Income Security Act ("ERISA"); the Health Insurance Portability and Accountability Act ("HIPAA"); the Family Medical Leave Act ("FMLA"); Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; the Fair Labor Standards Act; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the Unruh Civil Rights Act, the Uniformed Services Employment and Reemployment Rights Act of 1994; and, as set forth in subparagraph f below, the Patient Protection and Affordable Care Act (ACA); Fair Employment and Housing Act ("FEHA"); the California Family Rights Act ("CFRA"); Calif. Wage Orders; Calif. Labor Code; Calif. Govt Code; Calif. Bus. & Prof. Code; Pregnancy Disability Leave law; Equal Pay Act; Private Attorneys General Act; and any other existing leave, sick pay, tax, minimum wage, employee benefit law or policy enacted by any state and/ or local municipality.

(v)  Comply with all provisions of the ACA applicable to Assigned Employees, including the employer shared responsibility provisions relating to the offer of "minimum essential coverage" to "full-time" employees (as those terms are defined in Code §4980H and related regulations) and the applicable employer information reporting provisions under Code §6055 and §6056 and related regulations, as well as any other similar legislation that may be enacted.

### 1.2 Right to Control

In addition to CSS's duties and responsibilities set forth in paragraph 1, CSS, as the employer, has the right to supervise, physically inspect the work site and work processes; to review and address unilaterally , Assigned Employee work performance issues; and to enforce CSS's employment policies relating to Assigned Employee conduct at the worksite.  CSS shall control all hiring, firing, promotion, demotion or disciplinary decisions regarding any Assigned Employee, and shall control and enforce all meal periods and rest break policies and procedures, including informing its workers of their rights to timely meal periods and rest breaks, disciplining its workers for failing to take such meal periods and rest breaks, and ensuring that all payroll records and wage

CSS_____
CUSTOMER_____

statements are timely delivered and comply with local, state and federal law and are consistent with all CSS policies and procedures.

1.3  Warranties and Representations

CSS warrants and represents that it is familiar and will comply with all local, state and federal laws regarding immigration, tax, labor and employment and will accept all liability for any breach or violation of such laws arising from any act or event in making or performing this Agreement.

**CUSTOMER**

**2.  Disclaimed Duties and Responsibilities**

**CUSTOMER has no duty or obligation to CSS or any Assigned Employee with respect to any of the matters of Section 1.a. through 1.f. and 1.2 above inclusive**

**3.  Duties and Responsibilities**

CUSTOMER will

a.  Properly supervise Assigned Employees performing its work for quality control and work site safety only and be responsible for Customer's own business operations, products, services, and intellectual property;

b.  Properly supervise, control, and safeguard its premises, processes, or systems, and not permit Assigned Employees to operate any vehicle or mobile equipment, or entrust them with unattended premises, cash, checks, keys, credit cards, merchandise, confidential or trade secret information, negotiable instruments, or other valuables without CSS's express prior written approval or as strictly required by the job description provided to CSS;

c.  Provide Assigned Employees with a safe work site and provide appropriate information, training, and safety equipment with respect to any hazardous substances or conditions to which they may be exposed at the work site. CUSTOMER must comply with all OSHA standards at its own expense and comply with all levels of governmental agencies regarding safety, including but not limited to use of all protective equipment and clothing and machinery safe equipment;

d.  Notify CSS immediately in the event of a work-related injury to an Assigned Employee, and in the event of any alleged claims of harassment, workplace violence, discrimination or sexual harassment involving an Assigned Employee;

e.  Not change Assigned Employee job duties without CSS's express prior written approval; and

f.  Exclude Assigned Employees from CUSTOMER'S benefit plans, policies, and practices, and not make any offer or promise relating to Assigned Employees' compensation or benefits.

**Payment Terms, Bill Rates, and Fees**

4  CUSTOMER will pay CSS for its performance at the rates set forth on Exhibit A and will also pay any additional costs or fees set forth in this Agreement. CSS will invoice CUSTOMER for services provided under this Agreement on a WEEKLY basis. Payment is due within 60 days from receipt of approved invoice. Invoices will be supported by the pertinent time sheets or other agreed system for documenting time worked by the Assigned Employees. CUSTOMER'S signature or other agreed method of approval of the work time submitted for Assigned Employees certifies that the documented hours are correct and authorizes CSS to bill CUSTOMER for those hours. If a portion of any invoice is disputed, CUSTOMER will pay the undisputed portion. Any amounts paid more than five (5) business days beyond the terms stated in this Section of this Agreement will be subject to a late penalty calculated at the interest rate of one percent (1%) per month. Any payment late due to a CSS billing error will be exempted from the late penalty calculation.

5  Assigned Employees are presumed to be nonexempt, requiring premium pay for overtime work. CSS will charge CUSTOMER special rates for premium work time only when an Assigned Employee's work on assignment to CUSTOMER, viewed by itself, would legally require premium pay. CUSTOMER'S special billing rate for premium hours will be the same multiple of the regular billing rate as CSS is required to apply to the Assigned Employee's

CSS_____
CUSTOMER 

regular pay rate. The parties acknowledge that overtime is state specific and some states require paid overtime after eight (8) hours in one day.

6.   Chartwell will notify customer 90 days in advance of any changes to the bill rates specified in Exhibit A of this Agreement, .

**Confidential Information**

7   Both parties may receive information that is proprietary to or confidential to the other party or its affiliated companies and their clients. Both parties agree to hold such information in strict confidence and not to disclose such information to third parties or to use such information for any purpose whatsoever other than performing under this Agreement or as required by law. No knowledge, possession, or use of CUSTOMER'S confidential information will be imputed to CSS as a result of Assigned Employees' access to such information.

**Cooperation**

8.   The parties agree to cooperate fully and to provide assistance to the other party in the investigation and resolution of any complaints, claims, actions, or proceedings that may be brought by or that may involve any Assigned Employees.

**Indemnification and Limitation of Liability**

9.   To the maximum extent permitted by law, CSS will defend, indemnify, and hold CUSTOMER and its parent(s), subsidiaries, directors, officers, agents, representatives, and employees harmless from all claims, losses,  liabilities, awards or amounts (including reasonable attorneys' fees) to the extent caused by CSS's breach of this Agreement; its failure to discharge its duties and responsibilities set forth in paragraph 1; or the negligence, gross negligence, or willful misconduct of CSS or CSS's officers, employees, or authorized agents including, but not limited to its Assigned Employees in the discharge of those duties and responsibilities, or arising from any employment right, benefit or obligation due, alleged due, or because of an Assigned Employee including claims by a government agency or under California law, including the rights or obligations in California Labor Code Section 2810.3.

10.  To the extent permitted by law, CUSTOMER will defend, indemnify, and hold CSS and its parent, subsidiaries, directors, officers, agents, representatives, and employees harmless from all claims, losses, and liabilities (including reasonable attorneys' fees) to the extent caused by CUSTOMER'S breach of this Agreement; its failure to discharge its duties and responsibilities set forth in paragraph 2; or the gross negligence or willful misconduct of CUSTOMER'S officers, employees, or authorized agents in the discharge of those duties and responsibilities.

11.  As a condition precedent to indemnification, the party seeking indemnification will inform the other party with reasonable promptness after it receives notice of any claim, loss, liability, or demand for which it seeks indemnification from the other party; and the party seeking indemnification will cooperate in the investigation and defense of any such matter.

12.  The provisions in paragraphs 9 through 12 of this Agreement extend beyond the termination or non-renewal of this Agreement, constitute the complete agreement between the parties with respect to indemnification, and each party waives its right to assert any common law indemnification or contribution claim against the other party.

**Insurance**

13.  CSS will cover CSS's staffing operations for CUSTOMER with at least the following types and limits of insurance or other coverage and name Customer as an additional insured:

   a.   Workers' compensation benefits or coverage on the Assigned Employees, in amounts no less than required by law;
   b.   Employer's liability insurance in an amount not less than $2,000,000.00
   c.   Commercial general liability insurance in an amount not less than $2,000,000.00; and
   d.   Commercial blanket bond insurance not less than $1,000,000.
**Miscellaneous**

*pg. 3*
3449573.2

CSS_____
CUSTOMER_____

14. Provisions of this Agreement, which by their terms extend beyond the termination or nonrenewal of this Agreement, will remain effective after termination or nonrenewal.

15. No provision of this Agreement may be amended or waived unless agreed to in a writing signed by the parties.

16. Each provision of this Agreement will be considered severable, such that if any one provision or clause conflicts with existing or future applicable law or may not be given full effect because of such law, no other provision that can operate without the conflicting provision or clause will be affected.

17. This Agreement and the exhibits attached to it contain the entire understanding between the parties and supersede all prior agreements and understandings relating to the subject matter of the Agreement.

18. The provisions of this Agreement will inure to the benefit of and be binding on the parties and their respective representatives, successors, and assigns.

19. The failure of a party to enforce the provisions of this Agreement will not be a waiver of any provision or the right of such party thereafter to enforce each and every provision of this Agreement.

20. This Agreement may not be transferred or assigned without the mutual written consent of the parties.

21. Any notice or other communication will be deemed to be properly given only when sent via email to the recipients at the addresses specified in this Agreement, the United States Postal Service or a nationally recognized courier, addressed as shown on the first page of this Agreement.

22. Neither party will be responsible for failure or delay in performance of this Agreement if the failure or delay is due to labor disputes, strikes, fire, riot, war, terrorism, acts of God, or any other causes beyond the control of the nonperforming party.

**Term of Agreement And Rollover**

23. The terms of this agreement shall be for one year from the date above. The Agreement may be terminated by either party upon 30 days written notice to the other party, except that, if a party becomes bankrupt or insolvent, discontinues operations, or fails to make any payments as required by the Agreement, either party may terminate the agreement upon 10 days written notice. Upon expiration or termination of this Agreement CSS shall cooperate without charge in the rollover or transfer of such Assigned Employees as designated by CUSTOMER'S replacement staffing agency, including providing copies of all employment records requested by the replacement staffing agency.

**Nature of Relationship**

24. The services that CSS will render services to CUSTOMER under this Agreement are as an independent contractor. Nothing contained in this Agreement will be construed to create the relationship of principal and agent, or employer and employee, between CSS and CUSTOMER.

**Choice of Law, Venue, Attorney's Fees**

25. The parties agree that this Agreement shall be interpreted according to the laws of the State of California, and that jurisdiction for enforcement of this Agreement lies exclusively in that state and specific venue in Los Angeles County, California. In the event litigation is initiated to enforce any part of this Agreement, the prevailing party is entitled to recover the expenses of litigation, including without limitation, all reasonable attorney's fees and costs.

**Authorized representatives of the parties have executed this Agreement below to express the parties' agreement to its terms.**

CUSTOMER Signature

Charles Loveless

CSS Signature

W. Holmes Lilley, III

pg. 4
3149573.2

CSS_____
CUSTOMER_____

*Charles Loveless*

**Printed Name**

*E.V.P.*

**Title**

*5/19/20*

**Date**

Email *C. loveless@aiibeauty*

*W. Holmes Lilley* ✓✓✓

**Printed Name**

General Counsel

**Title**

5/21/2020

**Date**

Email holmes.lilley@chartwellstaff.com

**EXHIBIT A**

**SERVICE RATES**

The rates and calculations set forth in this section apply only to this Agreement dated May 2020 and are independent of any prior agreement or contract between parties.

**A.  RATES:**



**B.  Value Added Service:**

- A+ Rated Insurance
- Regional Safety Support
- ACA Compliant Benefits/Administration
- Sick Leave Compliance/Administration
- 12 Bio-Metric Time Keeping Systems
- 3 Full Time On-Site's
- 1 Exclusive Recruiter (Based out of the Branch)

*W. Holmes Lilley III*

_____
CUSTOMER Signature

*Charles Loveless*
_____
Printed Name

*E. V. P.*
_____
Title

*5/19/20*
_____
Date

_____
CSS Signature

W. Holmes Lilley, III
_____
Printed Name

Generl Counsel
_____
Title

5/21/2020
_____
Date

3449573.2

EXHIBIT 8

**ALEXANDER L. CONTI, ESQ.**
**CONTI LAW**
**23 Corporate Plaza Drive**
**Suite 150**
**Newport Beach, CA 92660**
**aconti@conti-law.com**
**T: (949) 791-8555**
**F: (949) 791-8556**
**www.conti-law.com**

October 29, 2020

**<u>Via Email Only</u>**

Rafi Ryzman
American International Industries
Email: r-ryzman@aiibeauty.com

     RE:    WITHDRAWAL FROM REPRESENTATION

Dear Mr. Ryzman:

    I am writing to request that American International Industries consent to my withdrawal from its representation in connection with the matter of ***Luisa Ramirez v. Chartwell Staffing Services Inc., American International Industries and Does 1 through 100, Case No. 20STCV10112*** filed in the Los Angeles County Superior Court ("the Matter").

    It has recently come to my attention that Chartwell Staffing Services Inc. and American International Industries executed a staffing services agreement on or about May 19, 2020 ("the Agreement"). The Agreement contains certain indemnification provisions which, in my opinion, constitute a material change in the circumstances relating to the Matter and require my withdrawal from representing American International Industries in order to avoid a potential conflict of interest. Please indicate your consent to my withdrawal by signing the consent set forth below.

    Please advise me of whom you have selected as counsel so I may prepare a substitution of attorney form and provide them with a copy of the file materials. Presently, the Matter has trial date of September 27, 2021 at 9:30 a.m. in Dept. 68 of the Los Angeles County Superior Court located at 111 N. Hill Street, Los Angeles, California. A final status conference date in the Matter is set for September 17, 2021 at 8:30 a.m. in Dept. 68.

Very truly yours,

Alexander L. Conti
CONTI LAW

CONTI LAW · CIVIL TRIAL ATTORNEYS        www.conti-law.com

Page 2
October 29, 2020
Rafi Ryzman

## CONSENT TO WITHDRAWAL

American International Industries hereby consents to the withdrawal of Conti Law as counsel for American International Industries in connection with the Matter.


Dated:_____          By:_____
                                      Rafi Ryzman
                                      American International Industries


With copy to:

W. Holmes Lilley, III
Chartwell Staffing Services Inc.
Email: holmes.lilley@chartwellstaff.com

EXHIBIT 9

Electronically FILED by Superior Court of California, County of Los Angeles on 01/04/2021 05:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk
Case 2:21-cv-03250-JVS-SK   Document 54-1   Filed 07/26/21   Page 91 of 168   Page ID
DocuSign Envelope ID: 019CFF24-F6F8-41D1-94DA-4DD100187977               #:1092

**MC–050**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Farhad Novian (SBN: 118129)<br>Novian & Novian, LLP<br>1801 Century Park East, Suite 1201<br>Los Angeles, California 90067<br>TELEPHONE NO.: 310-553-1222    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: farhad@novianlaw.com<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Ramirez v. Chartwell Staffing Service, et al.

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>20STCV10112 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* American International Ind.   makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney *(name):* Alexander L. Conti
2. **New legal representative** ☐ Party is representing self* ☑ Attorney
   a. Name: Farhad Novian    b. State Bar No. *(if applicable):* 118129
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      Novian & Novian, LLP
      1801 Century Park East, Suite 1801, Los Angeles, California 90067
   d. Telephone No. *(include area code):* 310-553-1222
3. The party making this substitution is a   ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 1/4/2021
   American International Industries                     ▶ _____
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 1/4/2021
   Alexander L. Conti                                   ▶ *Alex Conti*
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date:
   Farhad Novian                                        ▶ */s/ Farhad Novian*
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                              **Page 1 of 2**

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT 10



novian & novian LLP
attorneys at law

1801 Century Park East, Suite 1201
Los Angeles, CA 90067
t / 310.553.1222  f / 310.553.0222
www.novianlaw.com

February 12, 2021

*File No. 5309.01*

**_Via Electronic Mail and Federal Express_**

Alex Conti, Esq.
Conti Law Firm, P.C.
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
aconti@conti-law.com

W. Holmes Lilley, III
Chartwell Staffing Services, Inc. d/b/a Chartwell Staffing Solutions
245 Centerville Road, Suite 10
Lancaster, PA 17603
Holmes.lilley@chartwellstaff.com

        RE:    <u>Demand for Defense and Indemnity against Chartwell Staffing Services, Inc.</u>
                  *Ramirez v. Chartwell Staffing Services, Inc., et al.,* Case No. 20STCV10112

Dear All:

        As you know, on or about May 21, 2020, American International Industries ("AII") entered into a Service Agreement dated May 19, 2020, with Chartwell Staffing Services, Inc. ("Chartwell") for the provision of staffing related services, requiring that Chartwell—among other things—recruit, screen, interview, hire, supervise and assign its employees to AII for the purpose of performing certain services sought out by AII in connection with AII's business operations (the "Staffing Agreement").

        This letter constitutes the AII's demand for defense and indemnification against Chartwell from the above-captioned representative action (the "Action") filed by Luisa Ramirez ("Ramirez") which involves liabilities and/or obligations arising out of, or in connection with, Chartwell's alleged violations of certain provisions of the California Labor Code. Such alleged violations include, but are not limited to: failure to pay wages, minimum wages, over-time wages, and due and owing wages upon termination; failure to provide adequate meal-break and rest-break periods; and failure to provide itemized waged statements detailing total hours worked and pay due and owing for meal and rest break violations.

        In accepting and executing the Staffing Agreement, Chartwell assented and expressly agreed the following provision:

**novian & novian LLP**

Conti Law Firm, P.C.
Chartwell Staffing Services, Inc. d/b/a Chartwell Staffing Solutions
February 12, 2021
Page 2

**Indemnification and Limitation of Liability**

9.    To the maximum extent permitted by law, CSS will indemnify, and hold CUSTOMER and its parent(s), subsidiaries, directors, officers, agents, representatives, and employees harmless from all claims, losses, liabilities, awards or amounts (including reasonable attorneys' fees) to the extent caused by CSS's breach of this Agreement; its failure to discharge its duties and responsibilities set forth in paragraph 1; or the negligence, gross negligence, or willful misconduct of CSS or CSS's officers, employees, or authorized agents including, but not limited to its Assigned Employees in the discharge of those duties and responsibilities, or arising from any employment right, benefit or obligation due, alleged due, or because of an Assigned employee including claims by a government agency or under California law, including the rights or obligations in California Labor Code Section 2810.3.

…

11.   As a condition precedent to indemnification, the party seeking indemnification will inform the other party with reasonable promptness after it receives notice of any claim, loss, liability, or demand for which it seeks indemnification from the other party; and the party seeking indemnification will cooperate in the investigation and defense of any such mater.

12.   The provisions in paragraphs 9 through 12 of this Agreement extend beyond the termination or non-renewal of this Agreement, constitute the complete agreement between the parties with respect to indemnification, and each party waives its right to assert any common law indemnification or contribution claim against the other party.

Accordingly, AII hereby requests Chartwell's confirmation and adherence to this demand. Unless our office receives written confirmation from Chartwell of its adherence to this demand within ten (10) days, AII will have no choice but to file a claim in law arising from the Staffing Agreement.

Our client hereby expressly reserves all rights, privileges, and defenses.

Very truly yours,
**NOVIAN & NOVIAN, LLP**


*/s/ Farhad Novian*
Attorneys At Law
FARHAD NOVIA

cc: Client

EXHIBIT 11

ALEXANDER L. CONTI, ESQ.
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
aconti@conti-law.com
T: (949) 791-8555
F: (949) 791-8556
www.conti-law.com

February 22, 2021

**<u>Via Email and Facsimile</u>**

Farhad Novian
Novian & Novian LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Email: farhad@novianlw.com
FAX: 310-553-0222

> RE:    **<u>Luisa Ramirez v. Chartwell Staffing Services Inc. and American International Industries</u>**
> **<u>LASC Case No.: 20STCV10112</u>**

Dear Mr. Novian:

I am in receipt of your letter of February 12, 2021.  Chartwell Staffing Services, Inc. is in the process of reviewing American International Industries' demand for indemnity and will respond no later than March 4, 2021.

Very truly yours,

*Alexander L. Conti*

Alexander L. Conti
Conti Law

---

**CONTI LAW** | **CIVIL TRIAL ATTORNEYS**           **www.conti-law.com**

EXHIBIT 12

ALEXANDER L. CONTI, ESQ.
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
aconti@conti-law.com
T: (949) 791-8555
F: (949) 791-8556
www.conti-law.com

March 4, 2021

**Via Email and Facsimile**

Farhad Novian
Novian & Novian LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Email: farhad@novianlw.com
FAX: 310-553-0222

      RE:    **Luisa Ramirez v. Chartwell Staffing Services Inc. and American International Industries**
           **LASC Case No.: 20STCV10112**

Dear Mr. Novian:

      This letter responds to your letter of February 12, 2021. Chartwell Staffing Services, Inc. ("Chartwell") has reviewed your letter and, at this time, is respectfully declining to accept the demand for defense and indemnification of American International Industries ("AII"). Chartwell expressly reserves all rights, claims, and defenses in connection with AII's demand. Chartwell's reservation includes reservation of the right to seek indemnity from AII in connection with the May 19, 2020, staffing agreement and as otherwise permitted by law.

      Very truly yours,

*Alexander L. Conti*

Alexander L. Conti
Conti Law

**CONTI LAW** | **CIVIL TRIAL ATTORNEYS**         **www.conti-law.com**

EXHIBIT 13

| | |
|---|---|
| **From:** | Alex Conti |
| **To:** | Farhad Novian |
| **Subject:** | Chartwell v. AII |
| **Date:** | Wednesday, May 5, 2021 3:11:00 PM |
| **Attachments:** | 9-4 Decl. H. Lilley.pdf |
| | 9-5 Decl. T. Oken.pdf |
| | 9-6 Decl. J. Colucci.pdf |
| | 9-7 POS.pdf |
| | 9. Application for RTAO and Writ of Attachment.pdf |
| | 9-1 Notice of Hearing on App RTAO.pdf |
| | 9-2 Proposed Order.pdf |
| | 9-3 Notice and Application RTAO (Brief).pdf |

Farhad,

Attached is the application.

Alex Conti

CONTI LAW

23 Corporate Plaza, Suite 150

Newport Beach, California 92660

Main:  949-791-8555

Fax:     949-791-8556

Email:  aconti@conti-law.com

www.conti-law.com

The information contained in this electronic message may be confidential, and the message is for the use of intended recipients only. If you are not an intended recipient, do not disseminate, copy, or disclose this communication or its contents. If you have received this communication in error, please immediately notify me by reply email or contact me at the telephone number above and delete this email.

EXHIBIT 14

| | |
|---|---|
| **From:** | Alex Conti |
| **To:** | Farhad Novian |
| **Subject:** | Chartwell v. American International |
| **Date:** | Thursday, May 6, 2021 7:02:00 AM |

Farhad,

Chartwell will waive the late payment penalties if AII wires the complete payment of $1,149,185.62 by noon on Friday May 7, 2021.

Alex Conti

CONTI LAW

23 Corporate Plaza, Suite 150

Newport Beach, California 92660

Main:   949-791-8555

Fax:     949-791-8556

Email:  aconti@conti-law.com

www.conti-law.com

The information contained in this electronic message may be confidential, and the message is for the use of intended recipients only. If you are not an intended recipient, do not disseminate, copy, or disclose this communication or its contents. If you have received this communication in error, please immediately notify me by reply email or contact me at the telephone number above and delete this email.

EXHIBIT 15

| | |
|---|---|
| **From:** | Alex Conti |
| **To:** | Farhad Novian |
| **Cc:** | Steven Diaz |
| **Subject:** | RE: Chartwell v. American International |
| **Date:** | Friday, May 7, 2021 7:39:00 AM |
| **Attachments:** | image001.png |

Farhad,

The money is owed.  It has been owed for a long time.  If AII makes payment after noon today and before noon on Monday, the discount is cut in half.  After that, the discount comes off the table.

Alex Conti

CONTI LAW

23 Corporate Plaza, Suite 150

Newport Beach, California 92660

Main:   949-791-8555

Fax:     949-791-8556

Email:  aconti@conti-law.com

www.conti-law.com

The information contained in this electronic message may be confidential, and the message is for the use of intended recipients only. If you are not an intended recipient, do not disseminate, copy, or disclose this communication or its contents. If you have received this communication in error, please immediately notify me by reply email or contact me at the telephone number above and delete this email.

**From:** Farhad Novian <farhad@novianlaw.com>
**Sent:** Friday, May 07, 2021 4:31 AM
**To:** Alex Conti <aconti@conti-law.com>
**Cc:** Steven Diaz <stevend@novianlaw.com>
**Subject:** RE: Chartwell v. American International

Alex, please extend until Monday, May 10 so that I may discuss with my client.

Farhad Novian | Managing Partner

# NOVIAN & NOVIAN LLP

1801 Century Park East, Suite 1201, Los Angeles, CA 90067

T (310) 553-1222 ext. 302
F (310) 553-0222
E farhad@novianlaw.com

---

**From:** Alex Conti <aconti@conti-law.com>
**Sent:** Thursday, May 6, 2021 7:03 AM
**To:** Farhad Novian <farhad@novianlaw.com>
**Subject:** Chartwell v. American International

Farhad,

Chartwell will waive the late payment penalties if AII wires the complete payment of $1,149,185.62 by noon on Friday May 7, 2021.

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, California 92660
Main:   949-791-8555
Fax:     949-791-8556
Email:  aconti@conti-law.com
www.conti-law.com

The information contained in this electronic message may be confidential, and the message is for the use of intended recipients only. If you are not an intended recipient, do not disseminate, copy, or disclose this communication or its contents. If you have received this communication in error, please immediately notify me by reply email or contact me at the telephone number above and delete this email.

EXHIBIT 16

ALEXANDER L. CONTI, ESQ.
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
aconti@conti-law.com
T: (949) 791-8555
F: (949) 791-8556

www.conti-law.com

June 16, 2021

**VIA EMAIL and FACSIMILE**

Farhad Novian
Email: farhad@novianlaw.com
Alexander Kandel
Email: alexanderk@novianlaw.com
Brian Nguyen
Email: briann@novianlaw.com
Novian & Novian LLP
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
FAX: 310-553-0222

RE:     **Chartwell Staffing Services Inc. v. American International Industries**

Dear Counsel:

I write pursuant to Local Rule 7-3 in advance of filing a motion to dismiss American International Industries ("AII") counterclaim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on behalf of Chartwell Staffing Services Inc. ("Chartwell"). This letter discusses the substance of the motion and potential resolution.

**A.   AII's First Cause of Action for Express Contractual Indemnity Fails To State A Claim.**

First, AII bases its claim on the "Chartwell Service Agreement" dated February 27, 2017 ("2017 Agreement"), which by its express terms, terminated one year after its effective date of February 27, 2017. Section 24 of the 2017 Agreement states: "The terms of this agreement shall be for one year from the date above." Section 16 of the 2017 Agreement states: "No provision of this Agreement may be amended or waived unless agreed to in a writing signed by the parties." As a result, if Chartwell owed any indemnity obligation to AII based on paragraph 24 of the 2017 Agreement, the obligation expired on February 27, 2018. There is no automatic renewal provision, and there is no written amendment to extend the one-year term, which was required by section 16 of the agreement ("No provision of this

Page 2
June 16, 2021
Farhad Novian
Alexander Kandel
Brian Nguyen

Agreement may be amended or waived unless agreed to in a writing signed by the parties.")
Thus, if Chartwell agreed to indemnify AII, Chartwell agreed to indemnify AII only for
claims based on conduct, i.e., a breach of the 2017 Agreement or a failure by Chartwell to
discharge its duties and responsibilities set forth in the 2017 Agreement, that occurred during
the one-year term of the 2017 Agreement, i.e., between February 27, 2017, and February 27,
2019 (hereinafter the "Indemnity Period").

The plaintiff in the *Ramirez* action alleges in her complaint as follows:

26. Plaintiff seeks to recover the PAGA civil penalties through a
representative action permitted by PAGA and the California Supreme Court in,
among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969.
According to the same authorities, class certification of the PAGA allegations
described herein is not required.

27. During the period beginning one (1) year preceding the filing of the
Complaint in this action (the "Civil Penalty Period"), Defendants violated,
inter alia, Labor Code sections 200,  201, 202, 203, 226, 226.7, 510, 512, 1194,
1194.2, and 1197.

. . .

30. Pursuant to Labor Code section 2699, subdivisions (a) and (f), Plaintiff
seeks to represent and is entitled to recover civil penalties for and on behalf of
similarly aggrieved  employees and former employees, for Defendants'
violations of the herein and therein described Labor Code violations during the
Civil Penalty Period in the amount of one hundred dollars ($100) for each
employee or former employee per pay period for the initial violation, and two
hundred dollars ($200) for each employee or former employee per pay period
for each subsequent violation.

The plaintiff in *Ramirez* seeks to recover penalties for Labor Code violations that occurred
during the "Civil Penalty Period".  The "Civil Penalty Period" begins one year prior to the
date of the filing of the complaint.  The *Ramirez* complaint was filed on March 12, 2020.  The
"Civil Penalty Period", therefore, begins on March 12, 2019.  The Labor Code violations
alleged in *Ramirez*, and for which penalties are sought, occurred beginning a year after the
2017 Agreement terminated on February 27, 2018.  Because the Labor Code violations
alleged in *Ramirez* did not occur during the Indemnity Period, i.e., between February 27,
2017, and February 27, 2018, Chartwell has no obligation to indemnify AII in connection
with.

Section 13 of the 2017 Agreement, which states "The provisions in paragraphs 9 through
13 of this Agreement extend beyond the termination or non-renewal of this Agreement," does

Page 3
June 16, 2021
Farhad Novian
Alexander Kandel
Brian Nguyen

not change this outcome.  Section 13 stands for the proposition that Chartwell's obligation to indemnify AII for a breach of the 2017 Agreement or a failure by Chartwell to discharge its duties and responsibilities set forth in the 2017 Agreement that occurred during the Indemnity Period survives.  Section 13 does not stand for the proposition that Chartwell agreed to indemnify AII in perpetuity.

Second, even if the indemnity provision in the parties' 2017 Agreement were in effect, which it is not, AII failed to comply with the condition precedent to indemnification, which requires that demand for indemnification be made within 14 business days after it receives notice of the claim.  Here, the *Ramirez* action alleges: "On or about January 7, 2020, Plaintiff provided written notice by certified mail, with return receipt requested, of Defendants' violations of various, including the herein-described, provisions of the California Labor Code, to the Labor and Workforce Development Agency ("LWDA"), as well as to the Defendants." (Hereinafter the "PAGA Letter.") [Ramirez Cmplt. at ¶ 16.] Section 12 of the 2017 Agreement states: "As a condition precedent to indemnification, the party seeking indemnification will inform the other party within fourteen (14) business days after it receives notice of any claim, loss, liability, or demand for which it seeks indemnification from the other party; and the party seeking indemnification will cooperate in the investigation and defense of any such matter."

Here, plaintiff in the *Ramirez* action sent the PAGA Letter on January 7, 2020.   In order to comply with the terms of the 2017 Agreement – which AII seeks to enforce -  AII was required to demand indemnification within 14 business days of receipt of the PAGA Letter, which would have been on or about January 28, 2020.   AII did not demand indemnity from Chartwell until February 12, 2021.  (Farhad Novian Declaration, Dkt. 16-2, ¶ 3.)  AII failed to satisfy the condition precedent to indemnification and, therefore, AII's claim for contractual indemnity must fail.

Third, AII seeks indemnity from Chartwell for its violations of the California Labor Code, which is against public policy.  California Civil Code section 1668 prohibits a contracting party from exculpating itself from unlawful conduct, stating: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." (*Cal. Civ. Code*, § 1668.)   The California Court of Appeal held that "[a]greements whose object, directly or indirectly, is to exempt its parties from violation of the law are against public policy and may not be enforced." (*In re Marriage of Fell* (1997) 55 Cal.App.4th 1058, 1065.)

Chartwell's position is supported by California statutory law and caselaw in the context of insurance and securities fraud litigation.  The California Insurance Code prohibits indemnity for civil penalties. (*Cal. Ins. Code*, § 533.5) "Given that characterization and the absence of any attempt by plaintiffs to detract from its plain meaning and effect, public policy would not permit defendants to insure those sums." (*Bullock v. Maryland Casualty Co*. (2001) 85

Page 4
June 16, 2021
Farhad Novian
Alexander Kandel
Brian Nguyen

Cal.App.4th 1435, 1448.)  Similarly, indemnification is not available under federal securities laws.  "Indemnification is not available under federal securities laws." (*Riverhead Sav. Bank v. Nat'l Morag. Equity Corp*. (9th Cir. 1990)  893 F.2d 1109, 1116 [citing *Levinthal, Krekstein, Horwath & Horwath v. Horwath*  (9th Cir. 1980) 637 F.2d 672, 674, which stated "indemnification tends to frustrate and defeat [the policy of securities legislation]. A securities wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party";  *Securities and Exchange Commission v. Retail Pro, Inc.* (S.D. Cal., June 23, 2011, No. 08CV1620-WQH-RBB) 2011 WL 13186014, at *8.)

    Fourth, AII is not entitled to indemnity from Chartwell for penalties under PAGA because statutory penalties are properly characterized as punitive damages, which are not recoverable under the indemnity provision in the parties' 2017 Agreement. Section 11 of the 2017 Agreement states: "Neither party shall be liable for or be required to indemnify the other party for any exemplary, special, or punitive damages that arise in connection with this Agreement regardless of the form of action (whether in contract, tort, negligence, strict liability, or otherwise) and regardless of how characterized, even if such party has been advised of the possibility of such damages."

    In the *Ramirez* Action, the plaintiff seeks to "recover on behalf of herself and all other similarly aggrieved current and former employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs." (Ramirez Action, Dkt. 12-1, ¶ 25.) The California Court of Appeal analogized civil penalties under PAGA to punitive damages, stating: "Civil penalties, like punitive damages, are intended to punish the wrongdoer and to deter future misconduct." (*Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 681 [citing *People v. First Federal Credit Corp.* (2002) 104 Cal.App.4th 721, 732]; *see also Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 86 ["Moreover, civil penalties recovered on the state's behalf are intended to 'remediate present violations and deter future ones,' not to redress employees' injuries.'"][citations omitted].) In a non-PAGA case, the appellate court stated:  "Admittedly, there are certain similarities between statutory penalties and punitive damages, and an award of statutory civil penalties has been described 'as being in the nature of exemplary damages....'" (*People v. First Federal Credit Corp.* (2002) 104 Cal.App.4th 721, 732 [quoting *People v. Superior Court (Kaufman)* (1974) 12 Cal.3d 421, 433, 115].)

    Further, punitive damages are not available in PAGA cases because the statutory scheme sets forth the exclusive measure of damages in the form of penalties, and because a PAGA claim arises out of an employment contract. "We are convinced, both by application of the 'new right-exclusive remedy' doctrine and under more general principles that bar punitive damages awards absent breach of an obligation not arising from contract, punitive damages are not recoverable when liability is premised solely on the employer's violation of the Labor Code statutes that regulate meal and rest breaks, pay stubs, and minimum wage laws." (*Brewer v. Premier Golf Properties, LP* (2008) 168 Cal.App.4th 1243, 1252.)

Page 5
June 16, 2021
Farhad Novian
Alexander Kandel
Brian Nguyen

Finally, the plain language in section 11 of the parties' 2017 Agreement contemplates that indemnification does not extend to exemplary or punitive damages "regardless of how characterized." California courts characterize statutory penalties under PAGA as punitive damages, therefore, AII is not entitled to indemnity for PAGA penalties.

<u>Fifth</u>, AII's indemnity claims are premature because there has not been any determination of Chartwell's liability. Section 9 of the 2017 Agreement states:  "CSS will defend, indemnify, and hold [AII] . . . harmless from all claims, losses, liabilities, awards or amounts (including reasonable attorneys' fees) to the extent caused by CSS's breach of this Agreement, its failure to discharge its duties and responsibilities set forth in paragraph 1; or the negligence, gross negligence, or willful misconduct of CSS or CSS's officers, employees, or authorized agents . . ." The indemnity provision requires a determination of negligence or breach of contract on the part of Chartwell before its duty to defend and/or indemnify is triggered.  AII does not plead, and cannot plead, these facts because Chartwell has not been found liable in the *Ramirez* Action.

## B.  AII's Second Cause of Action for Implied Contractual Indemnity Fails To State A Claim.

AII expressly waived any implied contractual indemnity claim pursuant to section 13 of the parties' 2017 Agreement, which states: "The provisions in paragraphs 9 through 13 of this Agreement extend beyond the determination or non-renewal of this Agreement, constitute the complete agreement between the parties with respect to indemnification, and *each party waives its right to assert any common law indemnification or contribution claim against the other party.*" (emphasis added.)

## C.  AII's Third Cause of Action for Equitable Indemnity Fails To State A Claim.

For the same reasons set forth in section B, herein, AII expressly waived any equitable indemnity claim, pursuant to section 13 of the parties' 2017 Agreement. Further, PAGA's statutory scheme does not provide for equitable indemnity among employers, and there has not been a single decision by California courts granting equitable indemnity in a PAGA case. Moreover, a court likely will presume that the legislature did not intend for a court to supplement the remedies available under the PAGA statutory framework.

## D.  AII's Fourth Cause of Action for Contribution Fails To State A Claim.

AII also expressly waived any claim for contribution, pursuant to section 13 of the parties' 2017 Agreement.

Page 6
June 16, 2021
Farhad Novian
Alexander Kandel
Brian Nguyen

## E.  **AII's Fifth Cause of Action for Declaratory Relief Fails To State A Claim.**

<u>First</u>, AII fails to allege a proper declaratory relief claim because the claim seeks the same relief as the first cause of action for equitable indemnity, that is, a determination that AII is entitled to indemnification.  AII's declaratory relief claim does not request the court adjudicate future rights; rather, AII seeks to address the alleged "past wrong" of Chartwell refusing to defend and indemnify AII pursuant to the parties' 2017 Agreement. (*See Osseous Technologies of America, Inc. v. DiscoveryOrtho Partners, LLC* (2010) 191 Cal.App.4th 357 [affirming dismissal of plaintiff's declaratory relief action where "facts as pleaded amounted to a breach of contract dispute (looking to past conduct) rather than a forward-looking pronouncement of the rights and duties of the parties"].  AII does not seek to regulate future conduct and, therefore, the declaratory relief that it requests is not "necessary or proper" as required by California Code of Civil Procedure section 1060.

<u>Second</u>, as discussed herein, the parties' 2017 Agreement expired on or about February 27, 2018.  Therefore, there is no agreement upon which a declaratory relief action can be based. (*See Code Civ. Proc.* § 1060.)

<u>Third</u>, it is improper for AII to seek a determination that it is entitled to indemnity for its own violations of law.  This is against public policy and unenforceable.

<u>Fourth</u>, for the same reasons the equitable indemnity claim fails, the declaratory relief claim fails.

Consequently, AII's counterclaim should be dismissed.  I will contact you today to discuss the contents of this letter.

Very truly yours,

/s/*Alexander L. Conti*

Alexander L. Conti
CONTI LAW

TRANSMISSION VERIFICATION REPORT

```
                                        TIME  : 06/16/2021 10:12
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : U62513C2J289822
```

```
        DATE,TIME               06/16  10:08
        FAX NO./NAME            3105530222
        DURATION               00:03:43
        PAGE(S)                06
        RESULT                 OK
        MODE                   STANDARD
```

EXHIBIT 17



1801 Century Park East, Suite 1201
Los Angeles, CA 90067
t / 310.553.1222  f / 310.553.0222
www.novianlaw.com

*File No. 5309.02*

June 21, 2021

**<u>VIA EMAIL</u>**

Alexander L. Conti, Esq.
Conti Law
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Email: aconti@conti-law.com

Re: *Chartwell Staffing Services Inc. v. American International Industries*, Case No. 2:21-cv-3250-JVS-SK

Dear Mr. Conti:

As you know, our office represents defendant American International Industries ("AII") in the above referenced case (the "Action"). Pursuant to Local Rule 7-3, this letter sets forth the basis for AII's intended motion to disqualify Alexander Conti ("Mr. Conti"), and his law firm of Conti Law Firm, (collectively, referred to hereinafter as "Conti Law") from any further representation of plaintiff Chartwell Staffing Services Inc. ("Chartwell") (collectively, AII and Chartwell are the "Parties") in this Action.

"[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. Moreover, "[t]he conference shall take place at least seven (7) days prior to the filing of the motion." *Ibid.* Given the in-person contact restrictions produced by the COVID-19 pandemic, we previously requested on Friday June 18, 2021, that your office schedule a meet and confer conference by telephone set to occur June 21, 2021.  You have now indicated that you wish to speak to us today at 4 P.M. regarding this and regarding "Novian & Novian's disqualification in the federal court action."  We look forward to speaking with you at 4 P.M.  To the extent you wish to discuss Novian  Novian's disqualification as well, we ask you send us a meet and confer letter with authority prior to the call.  In the alternative, we can schedule a separate call to discuss that issue after you have had a chance to prepare a meet and confer letter.

As will be discussed in further detail below, under longstanding principles of California Law, Conti Law's prior representation of AII in the California Superior Court action entitled *Ramirez v. Chartwell Staffing Services, Inc.*, *et al.* (the "Underlying Action")—and presumed and actual receipt of privileged and confidential information relating to matters related to this Action—constitutes a conflict of interest which requires its disqualification. Additionally, given Mr. Conti's role as a key fact witness for Chartwell in the Action, disqualification of Conti Law is also warranted under Rule 3.7 of the California Rules of Professional Conduct.

Alexander Conti, Esq.
Page 2
June 21, 2021

I.   **A MOTION TO DISQUALIFY CONTI LAW IS PROPER BASED ON ITS IMPERMISSIBLE SUCCESIVE REPRESENTATIONS**

In determining matters of disqualification, the 9th Circuit applies California state law. *Radcliff v. Hernandez*, 818 F.3d 537, 543 (9th Cir. 2016) [citing *In re Cty. Of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)].

California Rule of Professional Conduct 3-310(E) provides:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

*See H.F. Ahmanson & Co. v. Salamon Bros., Inc.*, 229 Cal. App. 3d 1445 (1991).[1]

When the requirements of Rule 3-310(E) are not met "disqualification follows as a matter of course." *Id.*  The court does not engage in a 'balancing of the equities' between the former and current clients.  The rights and interests of the former client will prevail." *Id.* (citation omitted). This is because the paramount concern is "to preserve the public trust in the scrupulous administration of justice and the integrity of the bar." *People ex rel Dept. of Corporations v. Speedee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1146 (1999) ("*Speedee*").

Moreover, "[w]here an attorney successively represents clients with adverse interests, and where the subjects of the two representations are substantially related, the attorney [must] be disqualified by the second representation". *Ibid.*  Representations are substantially related "whenever the subjects of the prior and current representations are linked in some rational manner." *Knight, et al. v. Ferguson, et al.*, 2007 DAR 3878 (2007).

The seminal issues in this Action concern whether: (i) Chartwell was obligated to indemnify AII in the Underlying Action pursuant to the Parties' 2017 service agreement ("2017 Service Agreement"); and (ii) AII is in breach of the Parties 2020 service agreement ("2020 Service Agreement"). Notably, in the Underlying Action, Conti Law's representation of AII arose from Chartwell's former employee ("Ramirez") instituting claims against Chartwell and AII for, *inter alia*, violations of the Private Attorney Generals Act of 2004.

As you are already aware, Ramirez was provided to AII as a temporary worker pursuant to the 2017 Service Agreement. Shortly after Ramirez instituted her claims against AII, Conti Law began representing and defending AII in the Underlying Action, which remains ongoing in

---

[1]   California Business & Professions Code section 6068(e)(1) further provides that "[i]t is the duty of an attorney to do all of the following: To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

Alexander Conti, Esq.
Page 2
June 21, 2021

Los Angeles Superior Court. Importantly, through Conti Law's representation of AII in the Underlying Action, it received substantial confidential information from AII directly related to the 2017 Service Agreement—as well as 2020 Service Agreement. In short, Conti Law rendered legal services to AII in the Underlying Action based on the very same agreements which are central to this Action. Under well-established California law, these facts require disqualification of Conti Law as well as an order prohibiting Conti Law from disclosing or transferring any confidential information it received from AII in the Underlying Action.

II. **CONTI LAW SHOULD ALSO BE DISQUALIFIED BECAUSE ALEXANDER CONTI IS A KEY FACT WITNESS FOR CHARTWELL**

"The advocate-witness rule, which prohibits an attorney from acting both as an advocate and a witness in the same proceeding, has long been a tenet of ethics in the American legal system, and traces its roots back to Roman Law." *Kennedy v. Eldridge*, 201 Cal.App.4th 1197, 1208 (2011) [citations and internal quotation marks omitted.] In California, the advocate-witness rule dictates that "[a] lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless: (1) the lawyer's testimony relates to an uncontested issue or matter; (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or (3) the lawyer has obtained informed written consent from the client." California Rules Prof. Conduct, rule 3.7(a), fn. omitted.

Notably, however, obtainment of informed written consent from a client does not serve as an absolute exception to the advocate-witness rule. *Lyle v. Superior Court*, 122 Cal.App.3d 470, 482 (1981) ("*Lyle*"). Indeed, comment to Rule 3.7(a) clarifies that "[n]otwithstanding a client's informed written consent, courts retain discretion to take action, up to and including disqualification of a lawyer who seeks to both testify and serve as advocate, to protect the trier of fact from being misled or the opposing party from being prejudiced." Stated in other terms, a court retains discretion to disqualify a likely advocate-witness as counsel—despite the existence of informed client consent—where there is "a convincing demonstration of detriment to the opponent or injury to the integrity of the judicial process." *Lyle*, *supra*, 122 Cal.App.3d at 482.

Here, Conti Law's representation of AII began during a period in which Chartwell alleges AII failed to demand indemnification and defense from Chartwell in the Underlying Action pursuant to certain provisions of the 2017 Service agreement. Though setting aside the fact that Conti Law *did* indeed jointly represent the Parties in the Underlying Action during that period—refuting Chartwell's position and at the very least verifying Chartwell's waiver of any purportedly breached obligation—Mr. Conti's knowledge obtained in connection with AII and Chartwell's joint representation makes him a necessary witness in this Action. Notably, the California Supreme Court has cited precedent for the proposition that "[a]n attorney who attempts to be both advocate and witness impairs his credibility as witness and diminishes his effectiveness as advocate." The California Supreme Court has further noted that where an attorney will likely testify as a material witness, the attorney should "resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel and withdraw." *Kennedy*, *supra,* Cal.App.4th at 1208.

Alexander Conti, Esq.
Page 2
June 21, 2021

      Additionally, given Mr. Conti's status as a key witness, whom AII intends to depose in the near future, AII will suffer unfair prejudice if Conti Law is permitted to maintain his dual role as counsel for Chartwell and a fact witness at trial. If allowed to serve as both counsel and as a key witness in this Action, Mr. Conti will have a unique and unfair opportunity to influence the jury and his testimony will not be weighted evenly. Further, there is a substantial likelihood that Mr. Conti's statements will be understood as statements made from an attorney admitted to the Court, and not simply as a witness.  This carries the risk of irreparable harm to Mr. Conti's former client, AII.

***

      We look forward to speaking with you today, June 21, 2021 at 4 P.M., regarding the contents of this letter and AII's intent to bring a motion to disqualify against Conti Law.

      Nothing contained in this letter should be construed an admission of fact or waiver of any right by or on behalf of any of our clients. The foregoing has been stated without prejudice to any of our client's claims, rights, defenses, and remedies, all of which are hereby expressly reserved.

                         Very truly yours,

                         NOVIAN & NOVIAN LLP
                         Attorneys at Law

                         *Brian Nguyen*
                         BRIAN NGUYEN, ESQ.

CC: Client

EXHIBIT 18

| | |
|---|---|
| **From:** | Alex Conti |
| **To:** | Brian Nguyen |
| **Cc:** | Alexander Kandel; Farhad Novian; Nicholas Baltaxe |
| **Subject:** | RE: [5309.02] Chartwell v. AII; Stipulation to Jury Trial |
| **Date:** | Friday, June 25, 2021 3:23:00 PM |
| **Attachments:** | image001.png |

Brian,

My client will not stipulate to a jury trial.

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556
www.conti-law.com

---

**From:** Brian Nguyen <briann@novianlaw.com>
**Sent:** Friday, June 25, 2021 12:12 PM
**To:** Alex Conti <aconti@conti-law.com>
**Cc:** Alexander Kandel <alexanderk@novianlaw.com>; Farhad Novian <farhad@novianlaw.com>; Nicholas Baltaxe <nicholasb@novianlaw.com>
**Subject:** RE: [5309.02] Chartwell v. AII; Stipulation to Jury Trial

Hi Alex,

Following up on the proposal below. Any word from Chartwell regarding a stipulation to jury trial?

Thank you.

Best Regards,

Brian Nguyen

## NOVIAN & NOVIAN LLP

1801 Century Park East, Suite 1201, Los Angeles, CA 90067
T (310) 556-9312
F (310) 553-0222

E [briann@novianlaw.com](mailto:briann@novianlaw.com)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential. If you have received this message in error, please immediately notify the sender and delete all copies of this email message along with all attachments. Any tax information or tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing practice.)  Thank you.

**From:** Alex Conti <[aconti@conti-law.com](mailto:aconti@conti-law.com)>
**Sent:** Thursday, June 24, 2021 12:33 PM
**To:** Brian Nguyen <[briann@novianlaw.com](mailto:briann@novianlaw.com)>
**Cc:** Alexander Kandel <[alexanderk@novianlaw.com](mailto:alexanderk@novianlaw.com)>; Farhad Novian <[farhad@novianlaw.com](mailto:farhad@novianlaw.com)>; Nicholas Baltaxe <[nicholasb@novianlaw.com](mailto:nicholasb@novianlaw.com)>
**Subject:** RE: [5309.02] Chartwell v. AII; Stipulation to Jury Trial

Brian,

I will discuss with Chartwell and respond.

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556
[www.conti-law.com](http://www.conti-law.com)

**From:** Brian Nguyen <[briann@novianlaw.com](mailto:briann@novianlaw.com)>
**Sent:** Thursday, June 24, 2021 11:41 AM
**To:** Alex Conti <[aconti@conti-law.com](mailto:aconti@conti-law.com)>
**Cc:** Alexander Kandel <[alexanderk@novianlaw.com](mailto:alexanderk@novianlaw.com)>; Farhad Novian <[farhad@novianlaw.com](mailto:farhad@novianlaw.com)>; Nicholas Baltaxe <[nicholasb@novianlaw.com](mailto:nicholasb@novianlaw.com)>
**Subject:** [5309.02] Chartwell v. AII; Stipulation to Jury Trial

Alex,

Would Chartwell be wiling to stipulate to a jury trial in the federal court action?
Please let me know and we will prepare the stipulation and proposed order.

Best Regards,

Brian Nguyen

# NOVIAN & NOVIAN LLP

1801 Century Park East, Suite 1201, Los Angeles, CA 90067
T (310) 556-9312
F (310) 553-0222
E briann@novianlaw.com

**************************************************
This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential. If you have received this message in error, please immediately notify the sender and delete all copies of this email message along with all attachments. Any tax information or tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing practice.)  Thank you.

EXHIBIT 19

| | |
|---|---|
| **From:** | Alex Conti |
| **To:** | Nicholas Baltaxe |
| **Cc:** | Farhad Novian; Alexander Kandel; Brian Nguyen; Steven Diaz |
| **Subject:** | RE: Anonymous has downloaded a file from the folder "File Box" |
| **Date:** | Saturday, July 3, 2021 1:52:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Nick,

The cause of action titled "promissory estoppel" in Aii's proposed second amended counterclaim is vague, indefinite, and appears to conflate contract and fraud theories.  Moreover, the proposed allegations do not support a theory of promissory estoppel as a substitute for consideration. I also noticed that there are no factual allegations or exhibits regarding the formation of the alleged oral agreement to indemnify. I can't stipulate to an amendment that causes me to speculate as to the nature of the cause of action and to speculate regarding its supporting facts.

In addition, the allegations in the proposed second amended counterclaim, i.e., that Chartwell orally promised to indemnify Aii, is based on facts known to Aii before the counterclaim and first amended counterclaim were filed.  Seemingly, if Chartwell had made an oral promise to indemnify Aii, which Chartwell denies, such important facts and such an important claim seemingly would and should have been included in the counterclaim and certainly would and should have been included in the first amended counterclaim.  In my opinion, the court may not look favorably on a proposed second amended counterclaim based on purported "facts" known to Aii since the inception of the case but, curiously, not included in the original or first amended counterclaim.  Indeed, the failure to include such a claim in the original counterclaim, the failure to include it in the first amended counterclaim, and the fact that this newly minted claim of an oral agreement to indemnify surfaced only after Chartwell filed its meritorious motion to dismiss Aii's indemnity claims, I believe, may further cause the Court to view the proposed amendment unfavorably.

With respect to Chartwell's motion to dismiss, I see no reason to take

the motion off calendar.  The first amended counterclaim is the current operative pleading.  Leave to file a second amended counterclaim has not been granted and, regardless, the proposed second amended counterclaim includes unchanged the same five counts that are the subject of the current motion to dismiss.  I see no reason to delay a ruling on those five counts.

Thank you

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556
[www.conti-law.com](www.conti-law.com)

---

**From:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Sent:** Friday, July 2, 2021 3:17 PM
**To:** Alex Conti <aconti@conti-law.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>; Alexander Kandel <alexanderk@novianlaw.com>; Brian Nguyen <briann@novianlaw.com>; Steven Diaz <stevend@novianlaw.com>
**Subject:** Re: Anonymous has downloaded a file from the folder 'File Box'

Hi Alex,

Unfortunately, that means we will also be denying your request for stipulation as to your First Amended Complaint.  Of course, if you would like to reconsider so that we can avoid the substantial law and motion work that we are about to go through, which we will have no choice but to bring to the court's attention.

Further, will you take your Motion to Dismiss off calendar for the time being while we both file our Leave to Amend motions?  The Motion to Dismiss could be moot anyway depending on the results of our motion, which we believe we will be successful on.

Nicholas Baltaxe, Esq.

**NOVIAN & NOVIAN LLP**

1801 Century Park East, Suite 1201, Los Angeles, CA 90067

T (310) 553-1222 ext. 317
F (310) 553-0222
E nicholasb@novianlaw.com

**NOTICE**: This information contained herein is confidential and privileged attorney-client information or work product intended for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Alex Conti <aconti@conti-law.com>
**Date:** Friday, July 2, 2021 at 2:31 PM
**To:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>, Alexander Kandel <alexanderk@novianlaw.com>, Brian Nguyen <briann@novianlaw.com>, Steven Diaz <stevend@novianlaw.com>
**Subject:** RE: Anonymous has downloaded a file from the folder 'File Box'

Nick,

I discussed with my client your request that Chartwell stipulate to the filing of a second amended counterclaim and they have declined to do so.

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556
www.conti-law.com

---

**From:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Sent:** Friday, July 2, 2021 9:49 AM
**To:** Alex Conti <aconti@conti-law.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>; Alexander Kandel <alexanderk@novianlaw.com>; Brian Nguyen <briann@novianlaw.com>; Steven Diaz <stevend@novianlaw.com>
**Subject:** Re: Anonymous has downloaded a file from the folder 'File Box'

Hi Alex,

Thank you.  To confirm, you will informally produce the information and documents we are requesting between us parties.

Thank you for letting me know regarding the counterclaim.

Nicholas Baltaxe, Esq.

**NOVIAN & NOVIAN LLP**

1801 Century Park East, Suite 1201, Los Angeles, CA 90067
T (310) 553-1222 ext. 317
F (310) 553-0222
E nicholasb@novianlaw.com

**NOTICE**: This information contained herein is confidential and privileged attorney-client information or work product intended for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Alex Conti <aconti@conti-law.com>
**Date:** Friday, July 2, 2021 at 9:43 AM
**To:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>, Alexander Kandel <alexanderk@novianlaw.com>, Brian Nguyen <briann@novianlaw.com>, Steven Diaz <stevend@novianlaw.com>
**Subject:** RE: Anonymous has downloaded a file from the folder 'File Box'

Nick,

Let's agree to extend the response date to July 20, 2021, and in the meantime I will make an informal production.

I have only briefly reviewed the new counterclaim.  I have several filing deadlines today, but will review before the end of the day.

Thanks.

Alex Conti

CONTI LAW

23 Corporate Plaza, Suite 150

Newport Beach, CA 92660

T: 949-791-8555

F: 949-791-8556

www.conti-law.com

---

**From:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Sent:** Friday, July 2, 2021 9:21 AM
**To:** Alex Conti <aconti@conti-law.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>; Alexander Kandel <alexanderk@novianlaw.com>; Brian Nguyen <briann@novianlaw.com>; Steven Diaz <stevend@novianlaw.com>
**Subject:** Re: Anonymous has downloaded a file from the folder 'File Box'

Hi Alex,

As discussed on the call, as long as you are agreeable to producing the documents and information informally, we are open to pushing the response deadline for the discovery.  I think we mentioned a two week extension on the call.  As such, if you are agreeable to producing everything, we can agree to that extension.

Further, have you had a chance to review the Second Amended Counterclaim?

Thanks,

Nicholas Baltaxe, Esq.

**NOVIAN & NOVIAN LLP**

1801 Century Park East, Suite 1201, Los Angeles, CA 90067

T (310) 553-1222 ext. 317
F (310) 553-0222
E nicholasb@novianlaw.com

**NOTICE**: This information contained herein is confidential and privileged attorney-client information or work product intended for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Alex Conti <aconti@conti-law.com>
**Date:** Friday, July 2, 2021 at 9:16 AM
**To:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Subject:** FW: Anonymous has downloaded a file from the folder 'File Box'

Nick, what is the decision on the discovery?  Are we moving out the response date?  Thanks .

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556
[www.conti-law.com](http://www.conti-law.com)

---

**From:** [noreply@sf-notifications.com](mailto:noreply@sf-notifications.com) <[noreply@sf-notifications.com](mailto:noreply@sf-notifications.com)>
**Sent:** Friday, April 9, 2021 9:53 AM
**To:** Alex Conti <[aconti@conti-law.com](mailto:aconti@conti-law.com)>
**Subject:** Anonymous has downloaded a file from the folder 'File Box'



Conti Law

**Alexander,**

A file was downloaded from a "Send Files" link at 4/9/21 12:52P:

**File Box**

**Name: 12. 2021.04.02 - DEMI CO., LLC (Boss Logistics LLC) - Notice of Removal - Superior Court.pdf**
**Size:** 79.80 MB • **Downloaded:** 4/9/21 12:52p
**User:** Anonymous [noreply@sf-notifications.com]

Dates are displayed in UTC -5

Click here to change how often ShareFile sends emails

Powered By Citrix ShareFile 2021

EXHIBIT 20



1801 Century Park East, Suite 1201
Los Angeles, CA 90067
t / 310.553.1222  f / 310.553.0222
www.novianlaw.com

July 7, 2021

*File No. 5309.02*

**<u>*Via Electronic Mail*</u>**

Alex Conti
23 Corporate Plaza Dr., Ste 150
Newport Beach, CA 92660
Email: aconti@conti-law.com

RE:   <u>Chartwell Staffing Services, Inc. v. American International Industries</u>

Mr. Conti,

Please allow this correspondence to serve as our meet and confer pursuant to Local Ryle 7-3 in advance of the filing of American International Industries' ("AII") Motion for Leave to Amend a Second Amended Counterclaim ("SACC") pursuant to Federal Rule 15(a).  This letter discusses the substance of the motion that we believe will be successful and, as such, a hopeful resolution.

AII will be requesting leave to file the SACC pursuant to Federal Rule of Civil Procedure section 15(a).  Federal Rule of Civil Procedure section 15(a) provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has stated that the policy favoring amendments "is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  See also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Indeed, the Ninth Circuit has held that a district court should resolve a motion to amend "with all inferences in favor of granting the motion."  *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton*, 833 F.2d at 186).

Courts will consider four factors in determining the propriety of a motion to amend: bad faith, undue delay, prejudice to the opposing party, or futility of the amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Griggs*, 170 F.3d at 880.  The Ninth Circuit has held that prejudice to the opposing party is the strongest factor and that absent prejudice, or "a strong showing" of the other factors, a "presumption" exists in favor of granting the leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original); see also *Shaw v. Burke*, No. 17-cv-2386, 2018 WL 2459720, at *3 (C.D. Cal. May 1, 2018) ("There is a presumption that leave to amend should be granted."). This liberal standard applies to amending parties as well as causes of action.  *Leighton*, 833 F.2d at 186.

**novian & novian LLP**

Alex Conti
Conti Law
July 7, 2021
Page 2

Initially, the SACC is being filed in good faith.  Indeed, there can be no showing that AII is attempting to file this motion or the SACC for the purposes of delay or to avoid an adverse judgment.  Cf. *Sorosky v. Burroughs Corp*., 826 F.2d 794, 805 (9th Cir. 1987) (upholding a bad faith finding when plaintiff moved to amend in order to add a defendant to destroy diversity jurisdiction).  Rather, the purpose of Cross-Complainant's Second Amended Complaint is to provide more detail in an attempt to address some of the issues brought forth by Cross-Defendant's Motion to Dismiss and to add a cause of action that is supported by the evidence.  See *DCD Programs, Ltd*., 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").  As such, the Court will easily find that AII is acting in good faith.

Second, this motion is being filed in a timely manner and will not cause undue delay. Indeed, Cross-Complainant seeks to file a Second Amended Complaint based on newly discovered evidence.  This evidence only came to light after Cross-Defendant's Motion to Dismiss was filed and certain points regarding the indemnity clause of the agreement between Cross-Defendant and Cross-Complainant were highlighted.  AII reached out to Chartwell immediately upon learning of this information to request a stipulation for leave to amend to include this information in the Counterclaim in order to address concerns raised in the Motion to Dismiss.

The Ninth Circuit has held that it is an abuse of discretion to deny a motion to amend on the grounds of delay alone, even five years after the filing of a complaint.  *Howey v. U.S.,* 481 F.2d 1187, 1190-91 (9th Cir. 1973).  By comparison, Cross-Complainant is filing this motion approximately two months after the filing of the Complaint and one month after the filing of the First Amended Counterclaim.  Further, the parties have not commenced discovery and the parties have yet to even file the Rule 26(f) information required by the court.  This reasonably prompt filing therefore negates any suggestion of undue delay and facilitates efficient discovery and proceedings in this case.  See *Leighton*, 833 F.2d at 187 ("this suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay").

Third, the filing of the SACC will not prejudice Chartwell.  prejudice occurs when any parties do not have time to "pursue and preserve the facts relevant to various avenues of defense" of the suit.  *Korn v. Royal Caribbean Cruise Line, Inc*., 724 F.2d 1397, 1400 (9th Cir. 1984). Prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown.  See *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  However, timely notice, whether formal or informal, is sufficient to allay such concerns.  *Korn*, 833 F.2d at 1400.

Here, there is no unjust delay, no prejudice to Chartwell, and there are no newly proposed cross-defendants who could be prejudiced.  All named cross-defendants in this SACC were previously named in the FACC.  The only new claim against Chartwell is a promissory estoppel claim that is directly related to the facts that were already at issue in the FACC.  All allegations which are updated in this filing relate to the same core facts as the allegations in the

**novian & novian LLP**

Alex Conti
Conti Law
July 7, 2021
Page 3

Counterclaim and FACC.  Further, there has been no discovery done so far, and Chartwell cannot show that this SACC would cause expense, delay, or wear or tear, as it is only meant to add greater factual detail to the claims.  Additionally, the greater factual specificity with regards to the allegations against Chartwell, which AII seeks to achieve with its SACC, would not prejudice Chartwell, as it will allow for greater clarity about the claims at issue.  As such, no prejudice can be shown against Chartwell.

Finally, Chartwell will not show that the proposed SACC will be futile.  To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law.  See *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.,* 701 F.2d 1276, 1293 (9th Cir. 1983) (upholding denial of leave to amend when amendment to  complaint "could not affect the outcome of th[e] lawsuit"); See also *Miller v. Yokohama Tire Corp*., 358 F.3d 616, 622-23 (9th Cir. 2004) (same). Otherwise, a plaintiff "'ought to be afforded an opportunity to test [its] claim on the merits.'" *Leighton*, 833 F.2d at 188 (quoting *Foman*, 371 U.S. at 182).

Here, the SACC is actually attempting to provide **more** detail to claims that Chartwell are currently alleging are subject to a Motion to Dismiss.  If taken to be true, these facts state a legally sufficient claim for express indemnity pursuant to the staffing agreement between Chartwell and AII and are therefore not futile.  The same can be said for the additional claim for promissory estoppel, which is directly related to the indemnity claim.

Consequently, Chartwell should stipulate and allow AII leave to amend to file a Second Amended Counterclaim.  Please let us know times that work for a discussion on this letter on Thursday, July 8, 2021.

Very truly yours,
**NOVIAN & NOVIAN, LLP**

/s/ Farhad Novian

Attorneys At Law
FARHAD NOVIAN

EXHIBIT 21

| From: | Alexander Kandel |
|---|---|
| To: | Alex Conti; Nicholas Baltaxe |
| Cc: | Farhad Novian; Brian Nguyen; Steven Diaz |
| Subject: | RE: Chartwell v. AII - LR 7-3 Letter re: Motion for Leave to Amend |
| Date: | Wednesday, July 7, 2021 6:21:34 PM |
| Attachments: | image001.png |
| | image002.png |
| | 2021.07.01 - Second Amended Counterclaim to Chartwell Complaint.doc |
| | 2021.06.29 Exhibit C.pdf |

Alex,

Attached is the proposed second amended counterclaim and Exhibit C.  Exhibits A and B are the same as in the previous version.

Thank you.

Sincerely,

Alexander Kandel, Esq.

# NOVIAN & NOVIAN LLP

1801 Century Park East, Suite 1201, Los Angeles, CA 90067

T (310) 553-1222

F (310) 553-0222

E alexanderk@novianlaw.com

**NOTICE**: This information contained herein is confidential and privileged attorney-client information or work product intended for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Alexander Kandel
**Sent:** Wednesday, July 07, 2021 3:33 PM
**To:** Alex Conti <aconti@conti-law.com>; Nicholas Baltaxe <nicholasb@novianlaw.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>; Brian Nguyen <briann@novianlaw.com>; Steven Diaz <stevend@novianlaw.com>
**Subject:** RE: Chartwell v. AII - LR 7-3 Letter re: Motion for Leave to Amend

Alex,

Nick from our office will do so by the end of the day.  Thank you.

Sincerely,

Alexander Kandel, Esq.

# NOVIAN & NOVIAN LLP

1801 Century Park East, Suite 1201, Los Angeles, CA 90067

T (310) 553-1222

F (310) 553-0222

E alexanderk@novianlaw.com

**NOTICE**: This information contained herein is confidential and privileged attorney-client information or work product intended for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Alex Conti <aconti@conti-law.com>
**Sent:** Wednesday, July 07, 2021 3:06 PM
**To:** Nicholas Baltaxe <nicholasb@novianlaw.com>
**Cc:** Farhad Novian <farhad@novianlaw.com>; Alexander Kandel <alexanderk@novianlaw.com>; Brian Nguyen <briann@novianlaw.com>; Steven Diaz <stevend@novianlaw.com>
**Subject:** RE: Chartwell v. AII - LR 7-3 Letter re: Motion for Leave to Amend

Counsel,

Can you please provide a copy of the final version of the second amended counterclaim you propose to file?  The prior version you sent referenced exhibits but had none attached and the transmittal email stated that it was not a final version.  In addition, I sent an email on July 3, 2021, explaining what I believed to the issues with the prior version of the proposed second amended complaint.  So, I don't know if your letter refers to the prior version or to a new version I have not seen.  Before I can respond to your letter or discuss it with you, I need to see what you intend to file in its final form.

Thank you

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556

[www.conti-law.com](http://www.conti-law.com)

---

**From:** Nicholas Baltaxe <[nicholasb@novianlaw.com](mailto:nicholasb@novianlaw.com)>
**Sent:** Wednesday, July 7, 2021 8:57 AM
**To:** Alex Conti <[aconti@conti-law.com](mailto:aconti@conti-law.com)>
**Cc:** Farhad Novian <[farhad@novianlaw.com](mailto:farhad@novianlaw.com)>; Alexander Kandel <[alexanderk@novianlaw.com](mailto:alexanderk@novianlaw.com)>;
Brian Nguyen <[briann@novianlaw.com](mailto:briann@novianlaw.com)>; Steven Diaz <[stevend@novianlaw.com](mailto:stevend@novianlaw.com)>
**Subject:** Chartwell v. AII - LR 7-3 Letter re: Motion for Leave to Amend

Counsel,

Please find attached our letter discussing our motion for leave to amend.  Please let us know what
time you are available tomorrow to discuss.

Thank you,

Nicholas Baltaxe, Esq.

## NOVIAN & NOVIAN LLP

[1801 Century Park East, Suite 1201, Los Angeles, CA 90067](#)

T (310) 553-1222 ext. 317
F (310) 553-0222
E [nicholasb@novianlaw.com](mailto:nicholasb@novianlaw.com)

**NOTICE**: This information contained herein is confidential and privileged attorney-client information
or work product intended for the individual or entity to whom it is addressed. Any unauthorized use,
distribution or copying of this information is strictly prohibited. If you have received this
communication in error, please notify me immediately.

FARHAD NOVIAN (SBN 118129)
ALEXANDER KANDEL (SBN 306176)
NICHOLAS BALTAXE (SBN 329751)
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA  90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

Attorneys for Defendant AMERICAN INTERNATIONAL INDUSTRIES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARTWELL STAFFING SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN INTERNATIONAL INDUSTRIES, and DOES 1-100,<br><br>Defendants. | CASE NO.:  2:21-cv-3250<br><br>**DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES, INC.'S COMPLAINT.**<br><br>**(1)EXPRESS CONTRACTUAL INDEMNITY**<br>**(2)IMPLIED CONTRACTUAL INDEMNITY**<br>**(3)EQUITABLE INDEMNITY**<br>**(4)CONTRIBUTION**<br>**(5)DECLARATORY RELIEF**<br>**(6)PROMISSORY ESTOPPEL** |
| AMERICAN INTERNATIONAL INDUSTRIES.,<br><br>Cross-Complainant,<br><br>v.<br><br>CHARTWELL STAFFING SERVICES, INC., a California Corporation, and DOES 1 through 10, inclusive, | |



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cross-Defendants

# **COUNTERCLAIM**

Defendant and Cross-Complainant AMERICAN INTERNATIONAL INDUSTRIES ("AII") hereby complains against Plaintiff and Cross-Defendant CHARTWELL STAFFING SERVICES, INC. ("Chartwell") as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1. AII is, and at all times mentioned herein was, a general partnership in California. AII's partners are five corporations, each operating and existing under the laws of the state of California and with their principal place of business in California. As such, Cross-Complainant is a citizen of California.

2. AII is informed and believes that Chartwell is, and at all relevant times was, a New York corporation operating and existing under the laws of the State of New York and with its principal place of business in Lancaster, Pennsylvania. As such, Chartwell is a citizen of New York and Pennsylvania. Chartwell is a staffing agency that placed individuals in positions at AII.

3. Plaintiff and Defendant are citizens of different states, with AII being a citizen of California and Chartwell being a citizen of New York and Pennsylvania. Further, the amount in controversy exceeds the sum or value of $75,000.00. As such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a).

4. Further, the claims asserted in this counterclaim arise out of the same facts and circumstances as those of the original complaint as a logical relationship exists and the counterclaim arises from the same aggregate set of operative facts as the initial claim. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. section 1367.

5. AII is presently unaware of the true names and capacities of Cross-

1

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

Defendants designated as DOES 1 through 10, inclusive, and AII therefore sues said cross-defendants by such fictitious names.  AII will seek leave of the Court to amend this Counterclaim to set forth the true names and capacities of the fictitiously designated Cross-Defendants when the same has been ascertained.

6. This Court has personal jurisdiction over Chartwell as they are a staffing company who provides services to corporations in California, such as AII. Therefore, there are sufficient minimum contacts between the forum and Chartwell.

7. Venue is proper in the Central District of California pursuant to 28 U.S.C. section 1391.

**GENERAL ALLEGATIONS**

8. On March 12, 2020, Luisa Ramirez filed a Complaint (the "Complaint") in the Superior Court for the County of Los Angeles, Case No. 20STCV10112 (the "Action").  A true and correct copy of this Complaint is attached hereto as "Exhibit A."  AII denies the causes of action and allegations in the Complaint.  However, if there is a determination that AII is in any manner responsible for damages and/or liability resulting therefrom, AII alleges that such damages and/or liability are a direct results of the negligence, acts, and/or omissions of Chartwell and/or others and are not attributable to AII.

9. AII is informed and believes and thereon alleges that at all times herein mentioned Chartwell was the cause of the incident and damages that are the matter of the Complaint brought by Luisa Ramirez.  Because Chartwell's conduct was the direct and substantial cause of its alleged harms, Chartwell is liable to AII for all or part of Luisa Ramirez's claims against AII.

2

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

10. On or around March 22, 2017, AII and Chartwell entered into the Chartwell Service Agreement (the "Agreement").  Included in this Agreement was an indemnity provision, which provides: "9. [Chartwell] will defend, indemnify, and hold [AII] . . . harmless from all claims, losses, liabilities, awards or amounts (including reasonable attorney's fees) to the extent caused by [Chartwell]'s breach of this Agreement, its failure to discharge its duties and responsibilities set forth in paragraph 1; or the negligence, gross negligence, or willful misconduct of [Chartwell]."  A true and correct copy of this executed agreement is attached hereto as "Exhibit B."

11. Further, the Agreement indicates that "the provisions in Paragraphs 9 through 13 of this Agreement **extend beyond the termination or non-renewal of this Agreement.**"

12. Chartwell placed Luisa Ramirez at AII as a temporary employee.  Luisa Ramirez was a Chartwell employee, was on Chartwell payroll, and Chartwell was obligated to ensure that she was in compliance with all employment and labor laws.

13. On or about January 10, 2020, AII received a letter sent by Ms. Ramirez's counsel, the Nourmand Law Firm, indicating that Ms. Ramirez was providing notice to the California Department of Industrial Relations and AII under California Labor Code, § 2699.3 of AII's purported violations of various California Labor Code sections (the "PAGA Claim"). The PAGA Claim letter further indicated that Ms. Ramirez intended to pursue a civil complaint against AII for its purported violations of the California Labor Code.

14. Rafi Ryzman, after receiving this letter, contacted Chartwell's general counsel, William Holmes Lilley, III ("Mr. Lilley") via telephone to discuss

3

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED
COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

the claim and to ask him how he intended to respond to the PAGA claim.

15. On or about January 24, 2020, Rafi Ryzman again contacted Mr. Lilley to discuss the PAGA claim and to ask him to advise AII as to what Chartwell intended to do in response to the PAGA Claim since Ms. Ramirez was a Chartwell employee.  A true and correct copy of the email chain containing this correspondence is attached hereto as "Exhibit C."

16. From January 31, 2020, through on or about March 2020, Rafi Ryzman was in contact with Mr. Lilley regarding the PAGA Claim and the potential civil action which was going to be brought against AII by Ms. Ramirez.  Mr. Lilley continued to provide updates to Rafi Ryzman regarding Chartwell's communications with the Nourmand Law Firm, including Mr. Lilley's thoughts on the claims.

17. Shortly after the filing of the Complaint, AII again Contacted Chartwell regarding the action to inquire how Mr. Lilley and Chartwell planned on proceeding pursuant to the recent communications.

18. Pursuant to those conversations beginning when AII first received the PAGA notice, on or about April 28, 2020, Chartwell retained Conti Law Firm ("Conti Law") and Alexander Conti, Esq. ("Mr. Conti") to defend it in the action brought by Ms. Ramirez.

19. Mr. Conti represented and defended AII jointly with Chartwell from about April 28, 2020 through about January 4, 2021.  Throughout this time, AII was never charged with any invoices by Conti Law or Chartwell for the representation, and AII never tendered any payment and was under no obligation to tender any payment for the representation.  Mr. Conti provided defense to AII until Defendant's current counsel took over for Mr. Conti

20. Chartwell was required to ensure that it would comply "with all federal,

4

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

state, and local . . . labor and employment laws applicable to Assigned Employees" pursuant to Section 1(a)(iv) of the Agreement.  However, Chartwell failed to comply with federal, state, and local labor and employment laws and, as such, harmed Luisa Ramirez, causing her to file the Complaint, therefore breaching the Agreement and triggering the indemnification provision.

21. On February 12, 2021, counsel for AII reached out to Chartwell and again requested indemnification for any damages arising out of the Action pursuant to the Agreement.  Chartwell refused this demand for indemnification. As such, AII is incurring damages, including fees and costs in defending the suit.

22. AII is informed and believes and thereon alleges that Luisa Ramirez's alleged injuries were not caused by AII, but rather by the negligence, acts, and omissions of Chartwell.

## FIRST CAUSE OF ACTION

### (Express Contractual Indemnity Against Chartwell)

23. AII re-alleges the allegations contained in paragraphs 1-14, inclusive, and incorporates these paragraphs herein by this reference as though fully set forth.

24. AII is informed and believes and thereon alleges that, based upon the contractual relationship between AII and Chartwell, Chartwell had a duty to ensure that all conditions in the Agreement were met, including ensuring that Chartwell complied with all federal, state, and local labor and employment laws.  Chartwell failed to meet this duty.

25. Chartwell agreed to hold AII harmless from all claims, losses, liabilities, awards or amounts (including reasonable attorney's fees) to the extent caused by Chartwell's breach of this Agreement, as well as any claims,

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

losses, liabilities, awards, or amounts caused by Chartwell's failure to discharge its duties and responsibilities set forth in Paragraph 1 of the Agreement.

26. AII is informed and believes and thereon alleges that Chartwell failed to meet the obligations set forth in Paragraph 1 of the Agreement. Specifically, Chartwell failed to ensure that it complied with all federal, state, and local labor and employment laws with respect to Luisa Ramirez. Chartwell also failed to indemnify AII from Plaintiff's allegations which arise solely from its own conduct.

27. As a direct result of Chartwell's failure to meet the obligations set forth in the Agreement, AII has been or will be damaged in an amount equal to any award and/or judgment rendered against it in the Action, in addition to any costs and expenses that AII has incurred or will incur, including, but not limited to, attorney's fees, court costs, investigation expenses, expert fees, and any other litigation-related expenses because of the failure of Chartwell to meet the obligations set forth in the Agreement.

28. By reason of the foregoing, if Luisa Ramirez recovers any sums against AII in the Action by way of settlement or judgment, AII is entitled to express contractual indemnity from Chartwell for any such injuries and damages sustained.  AII is further entitled to express contractual indemnity from Chartwell for any and all legal costs incurred by AII in defending against the Complaint and prosecuting this counterclaim, including attorney's fees, court costs, investigation expenses, expert fees, and any other litigation-related expenses.

## SECOND CAUSE OF ACTION

### (Implied Contractual Indemnity Against Chartwell)

29. AII re-alleges the allegations contained in paragraphs 1-20, inclusive, and

6

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

incorporates these paragraphs herein by this reference as though fully set forth.

30. AII is informed and believes and thereon alleges that, based upon the contractual relationship between AII and Chartwell, Chartwell had a duty to ensure that all conditions in the Agreement were met, including ensuring that Chartwell complied with all federal, state, and local labor and employment laws.  Chartwell failed to meet this duty.

31. Chartwell agreed to hold AII harmless from all claims, losses, liabilities, awards or amounts (including reasonable attorney's fees) to the extent caused by Chartwell's breach of this Agreement, as well as any claims, losses, liabilities, awards, or amounts caused by Chartwell's failure to discharge its duties and responsibilities set forth in Paragraph 1 of the Agreement.

32. AII is informed and believes and thereon alleges that Chartwell failed to meet the obligations set forth in Paragraph 1 of the Agreement. Specifically, Chartwell failed to ensure that it complied with all federal, state, and local labor and employment laws with respect to Luisa Ramirez. Chartwell also failed to indemnify AII from Plaintiff's allegations which arise solely from its own conduct.

33. Chartwell's negligence, acts, and/or omissions were a substantial factor in causing harm to Luisa Ramirez, causing her to file the Complaint.

34. As a direct result of Chartwell's failure to meet the obligations set forth in the Agreement, AII has been or will be damaged in an amount equal to any award and/or judgment rendered against it in the Action, in addition to any costs and expenses that AII has incurred or will incur, including, but not limited to, attorney's fees, court costs, investigation expenses, expert fees, and any other litigation-related expenses because of the failure of

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED
COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

Chartwell to meet the obligations set forth in the Agreement.

35. By reason of the foregoing, if Luisa Ramirez recovers any sums against AII in the Action by way of settlement or judgment, AII is entitled to implied contractual indemnity from Chartwell for any such injuries and damages sustained. AII is further entitled to implied contractual indemnity from Chartwell for any and all legal costs incurred by AII in defending against the Complaint and prosecuting this counterclaim, including attorney's fees, court costs, investigation expenses, expert fees, and any other litigation-related expenses.

## **THIRD CAUSE OF ACTION**

### **(Equitable Indemnity Against Chartwell)**

36. AII re-alleges the allegations contained in paragraphs 1-27, inclusive, and incorporates these paragraphs herein by this reference as though fully set forth.

37. AII denies each and every allegation made against it in the Complaint and denies any liability for any claims made by Luisa Ramirez in the Action. If, however, AII is found legally responsible for any of the damages claimed in the Complaint, then AII is informed and believes and thereon alleges that such damages were primarily and actively caused by, and resulting from, the negligence, acts, and/or omissions of Chartwell.

38. Any harm to Luisa Ramirez was caused solely by Chartwell. As such, since Luisa Ramirez sued AII for the conduct of Chartwell, Chartwell was a substantial factor in causing Plaintiff's harm.

39. By reason of the foregoing, if Luisa Ramirez recovers any sums against AII in the Action by way of settlement or judgment, AII is entitled to equitable indemnity from Chartwell for any such injuries and damages sustained. AII is further entitled to equitable indemnity from Chartwell for

8

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

any and all legal costs incurred by AII in defending against the Complaint and prosecuting this counterclaim, including attorney's fees, court costs, investigation expenses, expert fees, and any other litigation-related expenses.

## **FOURTH CAUSE OF ACTION**

### **(Contribution Against Chartwell)**

40. AII re-alleges the allegations contained in paragraphs 1-31, inclusive, and incorporates these paragraphs herein by this reference as though fully set forth.

41. AII denies each and every allegation made against it by Luisa Ramirez in the Action and denies any liability for any claims made by Luisa Ramirez therein.

42. Any loss, injury, damage, or detriment suffered or sustained by Luisa Ramirez was directly and proximately caused and contributed to by the primary, active, and direct responsibility and contributory negligence, acts, and omissions of Chartwell.

43. Chartwell's negligence, acts, and omissions were a substantial factor in causing Luisa Ramirez's harm.

44. Any damages or other detriment allegedly suffered or sustained by Luisa Ramirez should be apportioned to Chartwell on the basis of its respective percentage of responsibility and contribution to the alleged damage and detriment.

45. Based on the foregoing, others, including without limitation, Chartwell, has a duty to contribute to and indemnify AII for any recover that Luisa Ramirez may realize against AII in the Action, in excess of that part of the damage directly proportionate to AII's liability, if any.

9

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

# FIFTH CAUSE OF ACTION

## (Declaratory Relief Against Chartwell)

46. AII re-alleges the allegations contained in paragraphs 1-37, inclusive, and incorporates these paragraphs herein by this reference as though fully set forth.

47. AII is informed and believes and thereon alleges that Chartwell's negligence, acts, and omissions were a substantial factor in causing Luisa Ramirez's harms as alleged in the Action.

48. There presently exists a controversy between AII and Chartwell, in that AII contends that is Luisa Ramirez sustained damages and injuries for the reasons as alleged in the Complaint, and is awarded judgment for which AII is held responsible, then AII is entitled to indemnification or contribution to recovery against Chartwell in the amount of any judgment that may be entered against AII in the Action.  AII also contends that it is entitled to indemnification or contribution for any and all legal costs incurred by AII in defending against Luisa Ramirez's Complaint and prosecuting this Counterclaim, including attorney's fees, court costs, investigation expenses, expert fees, and any other litigation-related expenses.

49. On information and belief, Chartwell will dispute and deny AII's contentions and shall assert that their conduct was not a substantial factor in causing Luisa Ramirez's harm and assert that they have no obligation to AII.

50. AII hereby requests a judicial determination and declaration of the rights, duties, and obligations of the parties concerning the indemnity and contribution rights alleged herein.  A declaration of this Court is necessary to determine the rights, duties, and obligations existing between AII and

10

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED
COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

Chartwell, and the same can be determined and declared in the present action, thus according a circuity of actions and multiplicity of suits.

## SIXTH CAUSE OF ACTION

### (Promissory Estoppel Against Chartwell)

51. AII re-alleges the allegations contained in paragraphs 1-50, inclusive, and incorporates these paragraphs herein by this reference as though fully set forth.

52. As alleged herein, Chartwell made a promise to AII – specifically, that it would defend and indemnify AII in the underlying *Ramirez* action.

53. Chartwell did not intend to keep that promise at the time it was made, and ever intended to keep that promise.

54. Chartwell intended for AII to rely on that promise.

55. AII actually and reasonably relied on this promise.

56. Chartwell did not perform the promise by failing to defend and indemnify AII in the underlying *Ramirez* action.

57. AII has been harmed by Chartwell's failure to perform this promise.

58. AII's reliance on Chartwell's promise was a substantial factor in causing its harm.

59. As a direct and proximate result of Chartwell's failure to perform the promise made to AII, AII has suffered significant damages within this Court's jurisdiction in an amount to be proven at trial.

60. Injustice can be avoided only by enforcing the promise and by awarding damages to AII in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, AII prays for judgment as follows:

1. As to all allegations made in Luisa Ramirez's Complaint, express

11

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

contractual indemnity for the full amount of any judgment entered against AII in the Action and the full amount of all reasonable attorney's fees, court costs, investigation expenses, expert fees, and any other litigation expenses incurred by AII in defending against Luisa Ramirez's Complaint.

2. As to all allegations made in Luisa Ramirez's Complaint, implied contractual indemnity for the full amount of any judgment entered against AII in the Action and the full amount of all reasonable attorney's fees, court costs, investigation expenses, expert fees, and any other litigation expenses incurred by AII in defending against Luisa Ramirez's Complaint.

3. As to all allegations made in Luisa Ramirez's Complaint, equitable indemnity for the full amount of any judgment entered against AII in the Action and the full amount of all reasonable attorney's fees, court costs, investigation expenses, expert fees, and any other litigation expenses incurred by AII in defending against Luisa Ramirez's Complaint.

4. As to all allegations made in Luisa Ramirez's Complaint, contribution for the full amount of any judgment entered against AII in the Action and the full amount of all reasonable attorney's fees, court costs, investigation expenses, expert fees, and any other litigation expenses incurred by AII in defending against Luisa Ramirez's Complaint.

5. For a declaration that any responsibility and/or liability that is determined to exist for the damages claimed by Luisa Ramirez in the Action is the result of the primary and/or active negligence, acts, omissions, and/or otherwise tortious conduct of Chartwell.

6. For a declaration that Chartwell indemnify AII for any sums which may be received against AII by Luisa Ramirez in the Action, including all reasonable attorney's fees, court costs, investigation expenses, expert fees, and any other litigation expenses incurred by AII in defending against

12

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED
COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

Luisa Ramirez's complaint.

7.  For specific performance on Chartwell's promise, as set forth in the Cross-complaint.

8.  For such other and further relief as the Court deems just and proper.

Dated:  July 22, 2021                          **NOVIAN & NOVIAN, LLP**

By:  _/s/ *Farhad Novian*_____
FARHAD NOVIAN
ALEXANDER KANDEL
NICHOLAS BALTAXE
**Attorneys for Defendant AMERICAN INTERNATIONAL INDUSTRIES**

13

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED
COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

4826-4506-2882, v. 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' SECOND AMENDED
COUNTERCLAIM TO PLAINTIFF CHARTWELL STAFFING SERVICES INC.'S COMPLAINT

| | |
|---|---|
| **From:** | Brian Dror |
| **To:** | Brian Nguyen; Alexander Kandel |
| **Subject:** | FW: PAGA - Nourmand & Associates |
| **Date:** | Friday, June 18, 2021 4:49:13 PM |
| **Attachments:** | Summons Chartwell and Aii LUISA RAMIREZ.pdf |

---

**From:** Brian Dror
**Sent:** Tuesday, April 21, 2020 12:21 PM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Holmes,

Sorry for the delay in getting back to you.  We were also served on April 16th.  Please lets schedule a time to discuss as I have dealt with this plaintiffs atty before.

Thanks,
Brian

---

**From:** Holmes Lilley <holmes.lilley@chartwellstaff.com>
**Sent:** Thursday, April 16, 2020 8:15 AM
**To:** Rafi Ryzman <r-ryzman@aiibeauty.com>; Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

All:

Unsurprisingly, Chartwell was served yesterday with the complaint, please let me know when Aii is served and we can begin coordinating the defense of this claim.

Best regards,

# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
**Newport Beach, CA**
**C: (252) 414-7619**





**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Holmes Lilley
**Sent:** Friday, March 13, 2020 9:32 AM
**To:** 'Rafi Ryzman' <r-ryzman@aiibeauty.com>; 'Brian Dror' <Brian@brdcpas.com>; 'Charlie Loveless' <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

All:

Following up on this. I got information yesterday that they (as expected) filed the PAGA action.  As I laid out below (on Jan 31) we feel good about our defenses, we have not yet been served but if and when we are I will update everyone.  Note that I have not actually seen the complaint but I will pass it along as soon as I receive it.


# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
**Newport Beach, CA**
**C: (252) 414-7619**



**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Holmes Lilley
**Sent:** Thursday, March 5, 2020 11:39 AM
**To:** Rafi Ryzman <r-ryzman@aiibeauty.com>; Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Rafi:

I discussed this case this morning with our outside counsel and strategically speaking we feel that there is not much to gain by communicating our position to Nourmand at this time, The fact is that he will likely file suit no matter what we say or give him (we have experience with the firm as we are dealing with them on another case), if we lay out our position at this time they will only use it to try and draft a complaint that avoids the defenses we raise.  I am happy to schedule a call with our outside counsel if you want to discuss in more detail.

# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**

**Newport Beach, CA**

**C: (252) 414-7619**



**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Rafi Ryzman <r-ryzman@aiibeauty.com>
**Sent:** Thursday, March 5, 2020 10:17 AM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Hi Holmes, any update on this issue?

---

**From:** Holmes Lilley <holmes.lilley@chartwellstaff.com>
**Sent:** Wednesday, February 26, 2020 7:11 AM
**To:** Brian Dror <Brian@brdcpas.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Brian:

I will discuss with our outside counsel and get his opinion on communicating our position to Nourmand.

# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
Newport Beach, CA
C: (252) 414-7619



**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Brian Dror <Brian@brdcpas.com>
**Sent:** Monday, February 24, 2020 7:28 PM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

I hope so, however, knowing nourmand, he will take a lake of cooperation or communication as an invitation to file formal proceedings.  Please consider discussing the case with him.

Sent from my T-Mobile 4G LTE Device

-------- Original message --------
From: Holmes Lilley <holmes.lilley@chartwellstaff.com>
Date: 2/24/20 1:24 PM (GMT-08:00)
To: Rafi Ryzman <r-ryzman@aiibeauty.com>, Brian Dror <Brian@brdcpas.com>, Charlie Loveless <C-Loveless@aiibeauty.com>
Subject: RE: PAGA - Nourmand & Associates

Rafi:

Since their initial PAGA letter and because the claims contained in their letter were not "curable" by law, there has been no additional communication. Our position in my 1/31/20 email below remains the same, I believe we are in a good place with this one.

# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
Newport Beach, CA
C: (252) 414-7619



Clear Expectations-Consistent Execution-Creative Solutions

---

**From:** Rafi Ryzman <r-ryzman@aiibeauty.com>
**Sent:** Monday, February 24, 2020 9:27 AM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Pleas clarify as to what you mean -" we have not heard a thing on this one"

---

**From:** Holmes Lilley <holmes.lilley@chartwellstaff.com>
**Sent:** Sunday, February 23, 2020 5:59 AM
**To:** Rafi Ryzman <r-ryzman@aiibeauty.com>; Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Rafi:

Thanks for providing, we have not heard a thing on this one.  We are dealing with the same firm on a different matter but they have not mentioned this matter and I am reluctant to remind them of it.

# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
Newport Beach, CA
C: (252) 414-7619



**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Rafi Ryzman <r-ryzman@aiibeauty.com>
**Sent:** Friday, February 21, 2020 12:00 PM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

See attached. What is the latest update with the Nourmand?

---

**From:** Holmes Lilley <holmes.lilley@chartwellstaff.com>
**Sent:** Monday, February 03, 2020 2:19 PM
**To:** Brian Dror <Brian@brdcpas.com>; Charlie Loveless <C-Loveless@aiibeauty.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Brian:

We will do all we can to keep them from filing.

Does Aii a written policy or can you tell me how Aii manages their own rest periods?


# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
**Newport Beach, CA**
**C: (252) 414-7619**



**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Brian Dror <Brian@brdcpas.com>
**Sent:** Friday, January 31, 2020 3:32 PM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Charlie Loveless <C-Loveless@aiibeauty.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>
**Subject:** RE: PAGA - Nourmand & Associates

Thanks tons for the follow up – since we all believe there is little or no exposure can we make sure to respond to the attys before its escalated?  Provide them time records AFTER YOU HAVE reviewed so they maybe don't even file?

Thoughts?

---

**From:** Holmes Lilley <holmes.lilley@chartwellstaff.com>
**Sent:** Friday, January 31, 2020 1:55 PM
**To:** Charlie Loveless <C-Loveless@aiibeauty.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>
**Cc:** Brian Dror <Brian@brdcpas.com>
**Subject:** RE: PAGA - Nourmand & Associates

Charlie our preliminary analysis is as follows:

Ramirez's PAGA claims are time barred prior to January 7, 2019.  Ramirez worked for 12 days at Aii from January 8, 2019 to May 28, 2019.  Seven of the days Ramirez worked, she worked only 4 hours. So she was not entitled to a meal period.  The remaining five days she worked she received a timely 30 minute meal break.  She did not work more than 7.75 hours on any day.  So, there is no evidence of any meal period violations.

We will review her wage statements to show they are accurate and she was paid for all time worked, which I expect that they will be.

Rest period violation will depend on the Aii's and Chartwell's policy and how they gave rest periods. Does Aii a written policy or can you tell us how Aii manages their own rest periods?

Ramirez also was timely paid all wages because she was not terminated or laid off by Chartwell.  She worked for the customer on January 25, 2019 and then again on May 20, 2019.  Because she came back, she was still in Chartwell's system and was not terminated or laid off.   Her wages could then be paid at the end of the following week pursuant to Labor Code § 201.3(b)(1)(A).  Her wage statements will prove this.

Ramirez also claims she was not paid all wages due because of Chartwell's timeclock rounding. There is a recent 2018 case on rounding, which states:

"In California, the rule is that an employer is entitled to use a rounding policy if the rounding policy is fair and neutral on its face and 'it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.' "

"Under this standard, an employer's rounding policy is "fair and neutral" if " 'on average, [it] favors neither overpayment nor underpayment' "; but such a policy is unacceptable if it " 'systematically undercompensate[s] employees' " because it " 'encompasses only rounding down.' " (See's Candy I, supra, 210 Cal.App.4th at pp. 901-902, 907, 148 Cal.Rptr.3d 690.) In See's Candy I, we reasoned that if an employer's rounding policy "is neutral, both facially and as applied, the practice is proper under California law because its net effect is to permit employers to efficiently calculate hours worked without imposing any burden on employees."

"AMN's expert analyzed the time records during the rounding period logged by 311 recruiters—time records that reflected more than 500,000 work-hours. Based on his detailed analysis, the expert testified that AMN's practice of rounding punch times to the nearest 10-minute increment resulted overall in "a net surplus of 1,929 work hours in paid time for the Nurse Recruiter class as a whole."

Based on these records it does not appear that she is an aggrieved employee.

# W. Holmes Lilley, III, CSP, J.D.

**General Counsel**
**Newport Beach, CA**
**C: (252) 414-7619**



**Clear Expectations-Consistent Execution-Creative Solutions**

---

**From:** Charlie Loveless <C-Loveless@aiibeauty.com>
**Sent:** Friday, January 24, 2020 1:54 PM
**To:** Holmes Lilley <holmes.lilley@chartwellstaff.com>; Rafi Ryzman <r-ryzman@aiibeauty.com>

**Cc:** Brian Dror (brian@brdcpas.com) <brian@brdcpas.com>
**Subject:** RE: PAGA - Nourmand & Associates

Here is what we received.

---

**From:** Holmes Lilley [mailto:holmes.lilley@chartwellstaff.com]
**Sent:** Friday, January 24, 2020 1:50 PM
**To:** Rafi Ryzman <r-ryzman@aiibeauty.com>
**Cc:** Charlie Loveless <C-Loveless@aiibeauty.com>; Brian Dror (brian@brdcpas.com) <brian@brdcpas.com>
**Subject:** Re: PAGA - Nourmand & Associates

Rafi:

Do you recall which employee it was related to?

W. Holmes Lilley, CSP, J.D.
General Counsel
Chartwell Staffing Services, Inc.
(P) 252-414-7619


> On Jan 24, 2020, at 1:38 PM, Rafi Ryzman <r-ryzman@aiibeauty.com> wrote:
>
>
> Hi Holmes,
> From what we understand, Chartwell was reached out to by Nourmand & Associates referencing a PAGA letter. Please let us know if you are providing them with the requested documentation and information so the PAGA letter doesn't turn into a lawsuit.
> Thanks,
> Have a good weekend
> Rafi

- CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.
- CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by

reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

- CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

- CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

- CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

- CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

EXHIBIT 22

| | |
|---|---|
| **From:** | Nicholas Baltaxe |
| **To:** | Alex Conti; Farhad Novian; Alexander Kandel |
| **Cc:** | Steven Diaz |
| **Subject:** | Re: Chartwell v. American International Industries |
| **Date:** | Monday, July 19, 2021 5:36:58 PM |
| **Attachments:** | image001.png |

Counsel,

Thank you for reaching out.  We will not be withdrawing as we will be amending the Counterclaim pursuant to the Court's order.

Thank you,

Nicholas Baltaxe, Esq.

# NOVIAN & NOVIAN LLP

1801 Century Park East, Suite 1201, Los Angeles, CA 90067

T (310) 553-1222 ext. 317
F (310) 553-0222
E nicholasb@novianlaw.com

**NOTICE**: This information contained herein is confidential and privileged attorney-client information or work product intended for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this information is strictly prohibited. If you have received this communication in error, please notify me immediately.

---

**From:** Alex Conti <aconti@conti-law.com>
**Date:** Monday, July 19, 2021 at 3:00 PM
**To:** Farhad Novian <farhad@novianlaw.com>, Alexander Kandel <alexanderk@novianlaw.com>, Nicholas Baltaxe <nicholasb@novianlaw.com>
**Subject:** Chartwell v. American International Industries

Dear Counsel,

In light of the court's order of today granting the motion to dismiss all of the claims in Aii's first amended counterclaim, Aii's motion to disqualify has no basis because the motion is based on claims that are no longer in the case.  The motion should be withdrawn.  Please advise if you will do so.

Thank you

Alex Conti

CONTI LAW
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
T: 949-791-8555
F: 949-791-8556
www.conti-law.com

1

## PROOF OF SERVICE

2      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 23 Corporate Plaza, Suite 150, Newport Beach, CA 92660. On July 26, 2021, I served the foregoing document described as:

3

4  **DECLARATION OF ALEXANDER L. CONTI IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT CHARTWELL STAFFING SERVICES INC.'S OPPOSITION TO DEFENDANT/CROSS-COMPLAINANT AMERICAN INTERNATIONAL INDUSTRIES MOTION TO DISQUALIFY ALEXANDER CONTI, ESQ. AND CONTI LAW FIRM AS COUNSEL FOR PLAINTIFF/CROSS-DEFENDANT CHARTWELL STAFFING SERVICES INC.**  on Counsel for American International Industries

5

6

7

8  FARHAD NOVIAN farhad@novianlaw.com
ALEXANDER KANDEL alexanderk@novianlaw.com
9  NICHOLAS BALTAXE nicholasb@novianlaw.com
NOVIAN & NOVIAN, LLP
10  1801 Century Park East, Suite 1201
Los Angeles, CA 90067
11  Telephone: (310) 553-1222
Facsimile: (310) 553-0222

12

13  [   ]   (BY MAIL) I am familiar with the practice of Conti Law for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Conti Law, Newport Beach, California, following ordinary business practices.

14

15

16

[   ]   (BY OVERNIGHT MAIL) I am familiar with the practice of Conti Law for
17  collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility
18  regularly maintained by FedEx/Overnite Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed
19  envelope designated by FedEx/Overnite Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by
20  FedEx/Overnite Express at Conti Law, Corona Del Mar, California, following ordinary business practices.

21  [   ]   (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission
22  machine, which telephone number is (949) 791-8556, the document described above and an unsigned copy of this declaration to the person, and at the facsimile
23  transmission telephone numbers, set forth herein.  The above-described transmission was reported as complete and without error by a properly issued transmission report
24  issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

25  [  x  ] (BY ELECTRONIC MAIL) On this date from my email address of aconti@conti-law.com I caused a copy of said document to be transmitted via
26  electronic mail to the e-mail addresses listed above.

[   ]   (BY MESSENGER SERVICE) I served the documents by placing them in an
27  envelope or package addressed to the person at the addresses listed above and/or

28

7
CONTI DECL. ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT

1  providing them to a professional messenger service for service. [Declaration of Messenger attached separately.]

2

3       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on 7/26/21, at Newport Beach, California.

4                                    _____/s/ Alexander L. Conti

5                                        Alexander L. Conti

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

CONTI DECL. ISO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT